Jefferson D. Dedeaux *v.* John R. King.

[45 South., 466.]

Slander. *Actionable words. Election officer.* Code 1906, § 10.

> A declaration against an election manager for words spoken in discharge of official duties, challenging the right of plaintiff to vote, saying, "You cannot vote because you are a convict; I say you are a convict, and convicts cannot vote here," is demurrable if it fail:—
>
> (*a*) To charge malice; or
> (*b*) To negative the truth of the words spoken; or
> (*c*) To negative that defendant made the challenge in good faith.

From the circuit court of Harrison county.

Hon. William H. Hardy, Judge.

Dedeaux, appellant, was plaintiff in the court below, and King, appellee, defendant there. From a judgment sustaining defendant's demurrer to the declaration and dismissing the case plaintiff appealed to the supreme court.

The opinion of the court states the facts.

*Brown & Owen,* for appellant.

The declaration alleges that appellee, King, was a manager of a municipal election, that appellant, Dedeaux, being a legally qualified voter of the municipality, asked appellee for a ballot in order to vote, whereupon appellee, King, said to the appellant, "you cannot vote because you are a convict, and convicts cannot vote here." The declaration further alleges that "the said words were spoken then and there in the presence of divers persons, with intent to insult plaintiff, and that such words are,

from their usual construction, and common acceptation, calculated to lead to a breach of the peace."

It has been decided in *Scott* v. *Peebles,* 2 Smed. & M., 546, that a declaration averring that defendant spoke the words contrary to the statute, with a view to insult the plaintiff and to lead him to commit violence and a breach of the peace, brings the case within the statute.

Only two things are necessary to bring words spoken of another within the statute: first, they must be insulting, and second, they must be calculated to lead to a breach of the peace. *Crawford* v. *Melton,* 12 Smed. & M., 328.

The demurrer admits that the appellant, Dedeaux, was, at the time he sought to vote, a legally qualified elector of the municipality, thus negativing the idea of appellant's being a convict so as to disqualify him from voting in the election.

Contention is made by counsel for appellee that the words spoken were privileged, inasmuch as appellee was an officer appointed to hold an election. We have however failed to find any authority giving immunity to even higher officials for slandering those with whom they have to deal in the discharge of official duties. In the case of *Jarnigan* v. *Fleming,* 43 Miss., 710, this court, in discussing privileged communications, said: "Expressed or actual malice need not be shown except in cases of privileged communications. In such cases, the malice being repelled, the plaintiff must prove the actual malice." This case is conclusive that where a defendant, in a case of slander, sets up privileged communication as a defense, he must first exculpate himself by sufficient proof that the communication was privileged.

Instead of deciding upon declaration and demurrer, the court below should have heard the evidence in the case regularly upon its merits; and then, if it were apparent that the communication was privileged, a peremptory instruction would have been awarded. *Fellman* v. *Dreyfous* (La.), 17 South. Rep., 422, 47 La. Ann., 907.

*Rucks Yerger,* for appellee.

The appellant's declaration shows circumstances repelling the idea of malice, and, further, that the alleged slanderous words were privileged. Hence the declaration was demurrable. *Jarnagan* v. *Fleming,* 43 Miss., 725.

A communication made in good faith upon any subject matter in which the party communicating has an interest, public or private, cither legal, moral or social, if made to a person having a corresponding interest or duty, is privileged. 13 Am. & Eng. Encyc. Law (1st ed.), 403.

The appellant's declaration shows that, when the appellee made the alleged slanderous remarks, he was in the performance of a public duty to see that no disqualified person voted. Code 1906, § 4151. Furthermore, appellee is alleged to have made such remarks, at the time the appellant was seeking to vote, and moreover, verbally to the appellant.

The circumstances alleged in the declaration repel the idea of malice, and no express malice is charged. Nor are the words said to have been used by appellee slanderous *per se.* 13 Am. & Eng. Encyc. of Law, 333, 349. And when words are not actionable *per se,* special damage must be alleged. 13 Am. & Eng. Encyc. of Law 351.

It is not alleged in the declaration that appellee stated that appellant had been convicted of any offense except such as would disqualify him as a voter. Many offenses disqualify which do not involve moral turpitude. Code 1906, § 3433.

When appellant applied to vote, he asserted by his conduct that he was a qualified elector. When King, the appellee, challenged him on the ground of his being a convict, an issue was raised and it devolved upon the appellant, Dedeaux, at least to deny the charge.

It would surely be a travesty on justice for the law to impose on the managers of an election the duty to prevent those disqualified from voting, and make them liable for damages to third persons for attempting to perform the duty. It is not alleged

that the appellee, King, did not act in good faith, nor that Ded-
-eaux was not actually disqualified, nor that the alleged disqualifi-
cation did not appear from the poll book, nor that appellee was
not speaking as representative for the three election commission-
·ers.

CALHOON, J., delivered the opinion of the court.

The statute (Code 1906, § 10) provides that "all words which
from their usual construction and common acceptation are con-
sidered as insults and calculated to lead to a breach of the peace
shall be actionable," etc. The declaration is for damages under
that statute, and charges that on a day named "the regular elec-
tion was being held in the municipality of Longbeach, Harrison
county, Mississippi, for the regular election of municipal offi-
cers; that defendant, King, was one of the managers of said elec-
tion, and was performing the duties as required of a manager;
and the plaintiff then and there was a legal and qualified voter
of said municipality, and on said election day, while the election
was being held, went to the place where the election was being
held, and where defendant was acting as such election manager,
and plaintiff then and there asked for a ticket that he might
·vote, whereupon the defendant, King, one of the election man-
agers, said to the plaintiff: 'You cannot vote because you are a
convict. I say you are a convict, and convicts cannot vote here.'
Said words were spoken then and there .to plaintiff in the pres-
ence of several persons, with the intention to insult plaintiff,
and to the very great shame and humiliation of plaintiff, and
that said words are, from their usual construction and common
acceptation calculated to lead to a breach of the peace and vio-
lence, contrary to the statute," etc. A demurrer was sustained
to this declaration.

It is clear that this declaration is demurrable, if it were in
libel or slander under the common law, because express malice,
or any malice, is not averred; nor is it averred that the state-
ment of the election manager was not actually true. It may or

may not be that the applicant for a ticket to vote was a convict, and yet he may once have been such and his disabilities removed, or the officer honestly mistaken. It is not averred in the present declaration that the statement to the plaintiff, as a cause of challenge, that he was a convict, was not true, except inferentially, under the averment that plaintiff was a "legal and qualified voter." Neither does it aver that the challenge was not made in good faith as an officer. King was in fact the election manager under the averment of the declaration, and, it was clearly his duty to challenge every vote which he thought illegal, and it was none the less his duty to do so, even if the challenge would ordinarily be regarded as an insult; nor do we think that the officer, believing it true, would be liable for stating the reason given why Dedeaux should not vote, even if the statement were insulting. *Verner* v. *Verner,* 64 Miss., 321, 1 South., 479. The demurrer to the declaration was properly sustained.

*Affirmed.*