JOHN W. DAVIS v. EDGAR WOODS.

[48 South. 961.]

1. ACTIONABLE WORDS. *Code* 1906, § 10. *Insulting words. Questions for jury. Demurrer.*

Under Code 1906, § 10, declaring actionable all words which, from their usual construction and common acceptation, are considered as insults and calculated to lead to a breach of the peace, providing that a demurrer shall not be sustained to preclude a jury passing thereon and making the jury the sole judges of the damages, the jury must determine, not only the damages, but whether

the words were insulting and calculated to lead to a breach of the peace and, as well, whether they are actionable.

2. SAME. *Declaration.*

A declaration under the statute is not demurrable if it charge that on a certain day the defendant uttered abusive language, setting it out, that the words, from their usual construction and common acceptation, are considered insulting, and are calculated to lead to violence and a breach of the peace, and were spoken contrary to the statute with a view to insult and to lead plaintiff to commit violence and breach of the peace.

3. APPEAL. *Judgment. Recitals. Waiver.*

A judgment sustaining a demurrer to a declaration and dismissing the suit may be appealed from by the plaintiff, although, following the adjudication sustaining the demurrer, it contains the recital "and the plaintiff declining to amend and requesting that said declaration be dismissed," followed by the judgment of dismissal.

FROM the circuit court of Lauderdale county.

HON. JOHN L. BUCKLEY, Judge.

Davis, appellant, was plaintiff in the court below; Woods, appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court. The facts are stated in the opinion of the court.

*Wyatt Easterling,* for appellant.

The demurrer should not have been sustained. The concluding clause of the first paragraph in said amended declaration is in the following language, to-wit: "which words were spoken contrary to the statute, with a view to insult the plaintiff' and to lead him to commit violence and breach of the peace." In the case of *Scott v. Peebles,* 2 Smed. & M. 556, it is said "The question is, what must be averred to give the plaintiff the benefit of this statute? An averment that the words, according to the common acceptation, were insulting, and calculated to lead to violence and breach of the peace would undoubtedly be sufficient . . . To bring words spoken of another within the meaning of the statute, only two things are

necessary; they must be insulting, and calculated to lead to violence and breach of the peace. That such was their character, we think, in effect at least, is stated." The last part of this quotation is supported by *Crawford v. Melton,* 12 Smed. & M. 330. In *Davis v. Farrington,* Walker's Rep. 324, it is said "Words merely abusive and insulting are not actionable at common law, unless special damages are laid in the declaration and proved; such words being actionable under the statutes of this state." And as to the question of whether or not the words employed are of that sort, a jury is the sole judge, and a demurrer shall not be sustained to preclude a jury from passing thereon. Code 1906, § 10.

In *Crawford v. Melton,* 12 Smed. & M. 330, it is said "Manifestly, the first object of the section was to extend the grounds warranting the action much farther than they existed at common law, and to make words actionable, which theretofore were not so . . . The gravamen of the action is the saying of any words, whether true or false, in an insulting manner."

*Amis & Dunn,* for appellee.

Even if it be conceded that the court erred in sustaining the demurrer to the amended declaration, the judgment appealed from should be sustained by this court, for the reason that the same was rendered, as appears from the recitals of the judgment itself, at the request of the appellant.

It is a fundamental principle that one cannot complain of error by the court, which one has, by his own act invited. 2 Ency. of Pl. & Pr. 519.

The proposition submitted to the court below by the demurrer was that it was not intended by Code 1906, § 10, to abolish all of the common law requisites of a good declaration, in the action of libel, and that the provisions of the section had no such effect. The case of *Crawford v. Melton,* 12 Smed. & M. 330, cited by counsel for the appellant, is, as we appreciate

the decision, a direct authority in support of our contention.

Section 10 was designed for the purpose of making words actionable which were not *per se* libelous at the common law, and it is thereby provided that whenever it is averred that the words complained of are, from their usual construction and common acceptation, considered as insults and calculated to lead to a breach of the peace, such words shall constitute a cause of action, and that the sufficiency of such words as constituting a cause of action cannot be called into question by a plea or demurrer to the declaration, but that the jury shall be the sole judges of the damage sustained, etc. So, in our view, when the pleader has sufficiently pleaded the words complained of, to bring them within the terms of the statute, and relies upon such words as constituting his cause of action, he then stands, as a matter of pleading, exactly where he would be, if he was declaring on words which were actionable *per se* at common law. If we are correct in this view of the matter, it necessarily follows that the demurrer to the amended declaration was properly sustained. The most recent case to which our attention has been called is the case of *Dedeaux v. King,* 92 Miss. 38, 45 South. 466, which was an action brought under the statute; the declaration in that case being much fuller in its averments than is the amended declaration in this case. It was specifically averred in the declaration in the case of *Dedeaux v. King,* that a certain election was being held; that the defendant was a manager of said election; that the plaintiff was a qualified elector, having the right to vote; that while the election was being held, the plaintiff approached the polls and asked for a ticket, that he might vote; that the defendant, in reply to such request, said to the plaintiff, "You cannot vote, because you are a convict. I say you are a convict, and convicts cannot vote here." That the words were spoken in the presence of several persons, with the intention to insult plaintiff, and to the very great shame and humiliation of the plaintiff, and that such words, from their usual con-

struction and common acceptation, were calculated to lead to a breach of the peace and violence, contrary to the statute, etc. A demurrer to this declaration was sustained.

True the declaration in that case shows that the words were spoken by the election officer, while in the performance of official duties, nevertheless, the court recognized the necessity for a suitor stating some fact or facts which show or tend to show that he had been injured.

It is not averred in plaintiff's declaration that the words were spoken in anger, that they were untrue, that they were spoken in an abusive manner, that the plaintiff was thereby insulted and caused to suffer shame, or that he experienced the slightest humiliation therefrom, or that he was incited thereby to violence, or to a commission of a breach of the peace, or that he suffered any loss or damage by reason of inconvenience, humiliation, shame or otherwise, that the words were spoken in private or public, or in the presence or not in the presence of other persons. In fact, there is not the slightest suggestion that the words were harmful to plaintiff, in the remotest degree.

MAYES, J., delivered the opinion of the court.

This is a suit under section 10, Code of 1906, which provides that "all words which, from their usual construction and common acceptance, are considered as insults, and calculated to lead to a breach of the peace, shall be actionable; and a plea, exception or demurrer shall not be sustained to preclude a jury from passing thereon, who are the sole judges of the damages sustained; but this shall not deprive the courts of the power to grant new trials, as in other cases." The declaration substantially alleges that about the 9th day of October, 1907, Davis was approached by Woods, and Woods then and there addressed the following abusive language to Davis, to wit: "What in the God damn hell are these infernal lies you have been circulating on me?" It is averred that the words, from

their usual construction and common acceptance, are considered insulting, and calculated to lead to violence and breach of the peace. It is further alleged that the words were spoken contrary to the statute, with a view to insult, and to lead Davis to commit violence and a breach of the peace. A demurrer was interposed, the several grounds of which we do not deem it necessary to state, since it is our view that none of them should have prevailed. The court sustained the demurrer, and, the plaintiff declining to amend, the declaration was dismissed.

The declaration states a cause of action in the very words of the statute, and the court should have overruled the demurrer to the declaration. It is stated in the declaration what the words were, and it is further alleged that, from their usual construction and common acceptation, they were considered insulting and calculated to lead to a breach of the peace. Whether the words were such as are usually considered insulting and calculated to lead to a breach of the peace is expressly required by the statute to be submitted to a jury. Under this statute the jury judge, not only of the amount of the damages sustained, but they are also the judges of whether or not the words used were insulting and calculated to lead to a breach of the peace—in other words, whether the words were actionable, and under the allegations of the declaration it was beyond the power of the court to take away from the jury the consideration of these questions. *Crawford v. Mellton,* 12 Smed. & M. 328; *Scott v. Peebles,* 2 Smed. & M. 546. A cursory examination of the case of *Dedeaux v. King,* 92 Miss. 38, 45 South. 466, will readily differentiate the opinion in that case from any holding here. The words charged to have been said by King to Dedeaux were: "You cannot vote, because you are a convict. I say you are a convict, and convicts cannot vote here." It is to be remembered under our laws that a convict is deprived of the right of suffrage, and at the time King made this statement to Dedeaux he was acting as an elec-

tion manager, charged with the duty of challenging every vote believed by him to be illegal. The court held in that case that the declaration was demurrable, because it did not allege that King used the words with malice, or that the statement of the election manager was not true. In other words, the declaration did not show that, although the words were spoken to Dedeaux as alleged, King was not acting in the lawful discharge of a duty required of him in making this statement. The case here presents quite a different question.

But it is argued by appellee that, since the judgment sustaining the demurrer recites that plaintiff declined to amend and requested the declaration to be dismissed, he cannot now complain. We do not understand that the plaintiff asked for a dismissal of the declaration for any other reason than that it was his view that the declaration stated a good cause of action, and that there was no necessity for any further pleading. Therefore, instead of asking the court to allow him to amend when the demurrer was sustained, it was manifestly the intention to decline to amend, and let the judgment show that the declaration was dismissed because plaintiff believed that the declaration stated a good cause of action. We think there is no merit in this contention on the part of appellee, and that we would not be justified in distorting the record to mean that which the whole case shows that it was manifest that the appellant never intended. We treat this judgment as just what it is—a judgment of the lower court sustaining a demurrer, with leave to the appellant to amend the declaration, which he declined to do, and thereupon a judgment was taken dismissing the declaration. We think any other construction of the action of the court below would be too technical, and would subvert, and not promote, the ends of justice. We would have to close our eyes to the true action of the parties, did we not so decide.

The judgment is *reversed* and cause *remanded.*