## HODGES *v.* CUNNINGHAM *et al.*

(Division A. June 1, 1931.)

[135 So. 215. No. 29071.]

Eugene P. Lacy, of Booneville, and **Wells, Jones, Wells & Lipscomb,** of Jackson, for appellant.

**J. A. Cunningham,** of Booneville, **W. C. Sweat,** of Corinth, **T. A. Clark,** of Iuka, and **J. S. Finch** and **Floyd Cunningham,** both of Booneville, for appellees.

Argued orally by **J. A. Cunningham**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant sued the appellee in an action of libel, and was denied a recovery. The published language alleged to be libelous can best be understood by first setting forth the circumstances of the publication. The appellees are trustees of a public school at Booneville, and were charged with the duty of constructing a building therefor. They employed an architect to design the building and supervise its construction. They awarded a contract for the construction of the building to the lowest bidder pursuant to publication therefor. The appellant, a retail lumberman at Booneville, filed a bid for the construction of the building, and suggested a method for its construction different from that adopted by the appellees, which, speaking broadly, was to the effect that the construction of the building be not let to the lowest bidder,

but under a contract by which the appellees would pay only the expense of the material and the supervision of the construction. After the contract for the construction of the building was let, the appellant published orally and in one of the local newspapers a protest against the system for the construction of the building adopted by the appellees, stating in effect that it would be unnecessarily expensive, would result in a building of inferior quality, and "invites graft, fraud, misrepresentations, disagreements and no end of trouble as well as costs;" that under the system suggested by him the building would be constructed by local men; that the school was located in the wrong place; and that another site should be chosen. According to the evidence for the appellees, he also charged orally that the architect employed by the appellees was a crook, but this the appellant denied.

Thereafter the appellees published quite a lengthy statement in two local newspapers, setting forth the things done by them in connection with the construction of the proposed building and their reasons therefor, making frequent reference therein to "the retail lumber dealer."

The declaration is in four counts, the first two charging common-law libel, the other two being based on section 11, Code of 1930, which provides that "all words which, from their usual construction and common acceptation, are considered as insults, and calculated to lead to a breach of the peace, shall be actionable." The first count of the declaration sets forth the following language contained in the appellees' published statement: "Next the retail lumber dealer began his assaults on our architect, peddling his journal articles and offering his innuendos of crookedness, and thus sowing his seeds of slander in an effort to poison the public mind against an educational project of a great people who have made his business prosperous for him in the past with their money and support. Each charge against the architect was by

us known to be a character of innuendo more poisonous and misleading than an outright falsehood and less commendable.'' The third count sets forth the same language, and charges that it is calculated to lead to a breach of the peace.

The language of the appellees' published statement set forth in the second count is: ''A person who can work himself up to think this town would be that cheap and treacherous is too silly to be classed insane or else his motives are to low to be classed as shady.'' The fourth count sets forth the same language, and charges that it is calculated to lead to a breach of the peace. The paragraph of the publication in which the language set forth in the third and fourth counts appears is as follows: ''Somebody has told him that we had not had the election to convey the former school property to the present district and this hit him like running a twenty-two hundred volt electrical current into the nonconducting elements of a turkey feather. So he runs around and peddles gossip to the country people, the effect of which is that the town is to be watched, and if the country had much respect for his activities they would certainly watch his town. The Board knows it is safe to go ahead with the building and does not believe that there is a man or a woman at the age of accountability within the municipality of Booneville who would break faith with the solemn obligations pledged by that bond election and vote against straightening out the titles when the time comes, which we understand will be attended to by the Mayor and Board of Aldermen in the month of October. A person who can work himself up to think this town would be that cheap and treacherous is too silly to be classed insane or else his motives are too low to be classed as shady.''

The evidence discloses without conflict both the publication of the alleged libel and that the words ''retail lumber dealer'' therein were meant by the appellees, and were understood by the public, to refer to the appellant.

The appellant requested, but was refused, instructions charging the jury to find for him on each count of the declaration. He was granted an instruction that the statements about him, alleged in the declaration to have been made by the appellees, were libelous per se. He was denied instructions charging the jury that the appellees in making these statements were not protected by any privilege, and the jury were permitted under instructions granted the appellees to find that the publication made by them was privileged.

At common law, "any written or printed language which tends to injure one's reputation, and thereby expose him to public hatred, contempt, or ridicule, degrade him in society, lessen him in public esteem, or lower him in the confidence of the community, is actionable per se." Wrought Iron Range Co. et al. v. Boltz, 123 Miss. 550, 86 So. 354, 355; and the language here charged to be libelous is clearly within this rule. Hines v. Shumaker, 97 Miss. 669, 52 So. 705.

Assuming for the purpose of the argument that the publication here made by the appellees was quasi privileged, as to which we express no opinion, the language complained of so far exceeds the necessities of the occasion—descending as it does from defense into abuse—as to be clearly in excess of the privilege. Hines v. Shumaker, supra; 36 C. J. 1248. The appellant was entitled to the instructions charging the jury to find for him on the first two counts of the declaration, but not to the instructions to find for him on the third and fourth counts thereof. Under section 11, Code of 1930, whether the words charged to have been spoken of the plaintiff are calculated to lead to a breach of the peace is for the determination of the jury. Davis v. Woods, 95 Miss. 432, 48 So. 961.

Reversed and remanded.