## W. J. HUBBARD et al. vs. WILLIAM RUTLEDGE.

1. LIBEL: *Damages. Malice.*
   Where a malicious libel is clearly proved, the plaintiff is entitled to recover such damage as the jury may award, without proof of any actual damage, and

they may find a verdict for an amount sufficient to punish the defendant for the wrong done in libeling plaintiff.

ERROR to the Circuit Court of *Covington* County.

Hon. WM. M. HANCOCK, Judge.

The facts in this case necessary to a full understanding of the principles announced are set out in the opinion of the court.

It is assigned for error:

1. In impaneling T. J. Magee and J. W. Speed as jurors.

2. In sustaining objections to testimony offered by the plaintiffs.

3. In refusing instructions asked by plaintiffs.

4. In giving instructions for defendant.

5. In overruling the motion for a new trial.

*Johnston & Johnston*, for plaintiffs in error:

1. There was no reason for setting aside the two jurors, Speed and Magee. Dowling v. The State, 5 S. & M., 664; Childers v. Ford, 10 ib., 25; 8 George, 369.

2. As to the second assignment we will not expend labor in noticing it.

3. The instructions refused for plaintiffs are on the subject of damages, in which the court was asked to instruct that in this action the jury were not restricted to actual damages, but might find exemplary damages, etc. The refusal was error. See Bell v. Morrison, 5 Cushman, 85; Sands v. Robinson, 12 S. & M., 710; Jarnigan v. Fleming, 43 Miss., 710.

4. The court erred in giving instructions for the defendant. See instructions.

*Chrisman & Thompson*, for defendant in error:

The action of the court upon the instructions was correct. They (the partners) had no joint interest in the suit. See 1 Chit. Pl., 64.; 2 Saund., 117; 10 Moore, 446, 451. Plaintiffs' 2d instruction, refused, announces an abstract principle of law. As to plaintiffs' last instruction, and the only one refused, see Code, 1871, § 1973. See, also, Miss. Const. (Bill of Rights), § 4. It takes from the jury the question whether the letter was

Apr. T. 1876.]   HUBBARD et al. vs. RUTLEDGE.   583.

Opinion of the court.

a libel.   The jury are the sole judges of the damages sustained... As to the 6th instruction for defendant given by the court we have to say that the letter complained of was a privileged communication.   So considered, the instructions are correct.

As to the question of malice, see Buller's N. P., 8 ; Starkie on Sland., 321, 323, 324 ; 12 Pick., 163.

CAMPBELL, J., delivered the opinion of the court.

Plaintiffs sued defendant for defamation of their character as merchants, by writing and sending a false and slanderous letter to the insurance company in which plaintiffs had their stock of goods insured when they were destroyed by fire. Defendant pleaded not guilty, and gave notice with his plea that he would offer evidence on the trial to prove that there was a current rumor in the neighborhood of plaintiffs, which defendant had reason to believe, of what defendant had communicated by his letter to the insurance company, and that defendant and the insurance company are alike interested in having said rumor investigated, and said letter was a private and confidential communication made with a view to such investigation, and not in malice. The defendant had a verdict and judgment, and plaintiffs presented a writ of error to the judgment overruling their motion for a new trial.

We are not prepared to say that the court erred in its ruling upon the admissibility of evidence, nor do we feel authorized to disturb the judgment overruling the motion for a new trial on the ground that the verdict is contrary to the evidence.

The refusal of the court to give the instruction on the subject of punitive damages is not ground for reversal, since the verdict was against plaintiffs, and this instruction could affect only the *quantum* of damages.   But it was manifestly erroneous to refuse the 10th instruction asked by plaintiffs, and to give the 6th instruction for defendant.

The 10th instruction asked by plaintiffs is :   "If the jury believe from the evidence that defendant wrote and published the alleged libelous letter *maliciously, with intent to injure*

*plaintiffs*, it is not necessary that plaintiffs should prove any actual or special damages. The law presumes damages without proof."

The 6th instruction given for defendant is : " That, to entitle plaintiffs to recover, the jury must be satisfied from the evidence that Rutledge wrote the letter in malice ; and then only for such damages as plaintiffs sustained as proved before them."

The refusal of the one and giving the other were equivalent to a declaration to the jury that, to entitle plaintiffs to recover for a malicious libel clearly proved, they must have shown some actual damages sustained by them from such libel. This is not the law. If defendant was guilty plaintiffs were entitled to recover such damages as the jury might award, and they, without proof of any actual damages, might find a verdict for an amount sufficient to punish defendant for the wrong done in libeling plaintiffs. The jury should have been so instructed, and then left to consider whether all the facts showed that defendant was guilty as charged in plaintiffs' declaration, and if they thought so they should have found for plaintiffs such damages as they thought proper. The action of the court upon the instructions under review may have caused the verdict for defendant. The jury may have thought defendant guilty, but found him not guilty because not satisfied that plaintiffs had sustained any damages from the act of defendant. The fact that plaintiffs had been paid the amount of the policy of insurance, and had subsequently prospered as merchants, may have led the jury to conclude that they had suffered no real injury from the letter of defendant, and therefore they should, under the instructions of the court, find for defendant.

The judgment will be reversed, *venire de novo* awarded, and cause remanded.