## C. W. JONES *v.* A. C. EDWARDS.

1. SLANDER.   *Variance.   Words used.*
    In actions for slander, the exact words charged or synonymous ones must be proved. It is not sufficient that a similar idea is conveyed.
2. SAME.   *Verdict.   Jurors cannot impeach.*
    Jurymen who in such an action have found one cent damages for the plaintiff, will not be allowed to impeach their verdict by stating their opinion that such verdict would carry the costs.
3. SAME.   *Damages.   Absence of injury to character.*
    The law implies damage from the fact of slander; and it is error to charge that it is for the jury to say from the whole testimony whether the plaintiff's character was injured.
4. INSTRUCTIONS.   *Hypothetical statement.*
    An instruction stating a hypothetical case, which the evidence tends to prove, is not obnoxious to the criticism that it assumes the existence of the facts.

ERROR to to the Circuit Court of Lauderdale County.
Hon. J. S. HAMM, Judge.

A. C. Edwards, who had leased land, for the year 1876, to C. W. Jones for three bales of cotton, having received only

two bales, made certain statements, in consequence of which Jones sued him for slander. The material allegations of the declaration appear in the opinion of the court. Edwards pleaded not guilty, with a notice that he would show that Jones had delivered the third bale of cotton at Young's gin house, and subsequently taking it away without his knowledge, had sold it and used the money; and, at the trial, he offered evidence tending to prove those facts.

For the defendant the court gave, among others, the following charges. " 3. It is for the jury to say whether the plaintiff's character was injured by the words spoken and they are to judge of this from the whole testimony in the case." " 4. If Jones delivered the cotton at Young's gin house for Edwards and told him it was there for him and then removed it without his consent, he did wrong. The removal of cotton due for rent was in 1876 an offence under the statute."

A verdict for one cent having been returned, the plaintiff, who was by the judgment charged with costs, moved for a new trial on the ground, among others, that in rendering such verdict the jury were influenced by their opinion that it carried costs, and offered to prove this by certain of the jurors. This evidence was excluded, the motion overruled and the plaintiff brought up the case.

*Hardy & Grace*, for the plaintiff in error.

1. The precise words charged in the declaration need not be proved, but their substance is sufficient. *Miller* v. *Miller*, 8 Johns. 74. 2. The jury were instructed by the third charge for the defendant, that unless the plaintiff's character was injured, they should find no damages, whereas speaking the words is the gravamen of the offence. 3. The fourth instruction assumed that Jones carried a bale of cotton to Young's gin house, of which there was no proof, and the jury were by it led to believe that he committed a crime, when, in fact, he did not. 4. The jurors should have been allowed to state under what erroneous opinion of the law they acted in rendering their verdict, which would not have been thereby impeached.

*John W. Fewell*, for the defendant in error.

1. The testimony excluded by the court was clearly inad-

missible under the allegations of the declaration. 2. The law was fairly and properly stated to the jury in the instructions. They have found that the plaintiff was damaged one cent, and as the circuit judge did not disturb their verdict, this court should not. 3. The jurors could not impeach their verdict, but they should have been polled, if the litigant thought that they did not mean what their verdict said.

CHALMERS, J., delivered the opinion of the court.

The slanderous words averred in the declaration were that the defendant had said, of and concerning the plaintiff, that " he (meaning the plaintiff) had stolen, or might as well have stolen, said bale of cotton," and further that " he (meaning the plaintiff) was a d——d rascal." The court properly excluded evidence under this count, that the defendant had said, that the plaintiff " was a poor scamp, that he had taken his rent cotton and carried it off and sold it without leave, and that when the grand jury met he would show him (the plaintiff) whose cotton it was." There was a fatal variance between the language averred and that offered to be proved. In this class of cases, the exact words charged, or synonymous words, must be proved. It is not sufficient that the same general idea is conveyed. Townshend on Slander and Libel, § 364, and cases cited. There was here but little, if any, similarity of ideas, and none whatever of words, nor did the plaintiff offer to amend his declaration so as to conform to the words proved, as he would have had a right to do.

The court properly refused to allow the jury to impeach their verdict by stating that they thought that a verdict of one cent would carry the costs. The fourth instruction given for the defendant is not obnoxious to the criticism that it assumes the existence of the facts stated in it, as argued by counsel. The facts are hypothetically stated. The court erred in giving the defendant's third charge. By it the jury were told that it was for them to say whether the plaintiff's character was injured by the words spoken, and that they were to judge of this from the whole testimony in the case. The meaning of this obviously is, that though the jury believed that the words had been spoken and that they were in fact false and

slanderous, they need not give any damages if, from the character of the person speaking them, or from that of the person of whom they were spoken, or from any other cause, no actual damage had been sustained, and that actual damage must be established by testimony in order to entitle the plaintiff to a verdict. This is erroneous. The law implies damage from the fact of slander, nor will the slanderer be permitted to say, either that his own reputation is so low, or that of his victim so high, that the evil words have wrought no harm. The jury must, in such cases, give damages even though they are but nominal. The amount is to be determined by them, and their award will not ordinarily be disturbed where no error of law has occurred. *Hubbard* v. *Rutledge*, 52 Miss. 581 ; *Baylis* v. *Lawrence*, 11 Ad. & El. 920 ; *Fry* v. *Bennett*, 5 Sandf. 54, 76.

For the error committed in granting the third charge for the defendant, the judgment is reversed and a new trial awarded.                                    *So ordered.*