### MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. ADA WRIGHT ET AL.

#### Decided November 13, 1907.

**1.—Attorney—Collection of Judgment—Delegating Authority.**

An attorney who has no express or implied authority from his client to do so has no power to delegate to another his authority to collect for the benefit of his client the amount of a judgment recovered.

2.—Agency—Ratification.

The amount of a judgment having been paid by defendant into the hands of the clerk of the court.wherein it was recovered, without authority from the plaintiff for him to receive it, no such authority, it seems, arose by ratification from the attempt of the plaintiff to obtain it from the clerk by drawing a draft on him for the amount.

Appeal from the District Court of Hill County. Tried below before the Hon. Nelson Phillips.

*Coke, Miller & Coke* and *Ramsey & Odell,* for appellant.—An attorney-at-law has entire charge and control over a cause of action placed in his charge, including the collection of any sum of money which he may therein recover for his client; payment of such sum to a third party under the direction of the attorney is, therefore, equivalent to payment to the attorney himself, is binding on the client, and a sufficient discharge of the debt or judgment as between the client and the debtor. McEwen v. Mazyck, 3 Rich. Law (S. C.), 210; Rogers v. McKenzie, 81 N. C., 164; Herron v. Bullitt, 3 Sneed (Tenn.), 497; Planters' Bank v. Massey, 2 Heisk. (Tenn.), 360; Chambers v. Hodges, 23 Texas, 104; McKinnon v. Vollmar, 17 Am. St. Rep., 178.

Even if one occupying the ordinary relation of attorney is not authorized by virtue of such relationship to direct the payment of money due his client to a third party, such authority clearly exists where the attorney owns an interest in the cause of action and judgment, and its exercise by him would be binding upon the client.

*Morrow & Smithdeal,* for appellee.—Staples and Parker, the attorneys-at-law representing the appellees in the suit in Bastrop County, in which judgment was rendered against the appellant and in favor of the appellees, had no authority as such attorneys to authorize the payment of the judgment to Murchison, the clerk, and even if they, or one of them, did authorize the payment to the clerk, the delivery of the money to the said clark by appellant was not a payment of the judgment, binding on appellees. Texas & P. Ry. Co. v. Walker, 93 Texas, 611; 3 Am. & Eng. Ency. of Law, p. 365, subdivision 7; Missouri, K. & T. Ry. Co. v. Ferris, 99 S. W. Rep., 896; Mechem on Agency, sec. 814; Kellog v. Norris, 10 Arkansas, 18; Danley v. Crawl, 28 Arkansas, 95; Hendry v. Benlisa, 20 So. Rep., 802; Dickson v. Wright, 52 Miss., 585; 24 Am. Rep., 677; Johnson v. Cunningham (N. S.), 1 Alabama, 258; Antrobus v. Sherman, 21 N. W. Rep., 579; Smalley v. Greene, 52 Iowa, 241; 3 N. W. Rep., 278; Hoover v. Greenbaum, 61 N. Y., 305; O'Connor v. Arnold, 53 Ind., 203; Forrest v. Doolittle, 46 S. E. Rep., 243; Anderson v. Boyd, 64 Texas, 108; Peters v. Lawson, 66 Texas, 337; Portis v. Ennis, 27 Texas, 578; Wright v. Daily, 26 Texas, 731.

The contract between Staples and Parker merely created the relation of attorney and client, and if the fact that the compensation agreed upon was a percent of the claim contingent on success created any difference in the authority of the attorney, the effect of the contingent arrangement is to restrict rather than enlarge his power. American Cotton Co. v. Simmons, 87 S. W. Rep., 842; James v.

Turner, 78 Texas, 243; Gulf, C. & S. F. Ry. Co. v. Scott, 28 S. W. Rep., 458; 5 Am. & Eng. Ency. of Law, p. 827.

FISHER, CHIEF JUSTICE.—This suit was by the appellees, Mrs. Ada Wright and her daughter, Ada Estell Wright, to recover of the appellant the sum of $2,000, based on a judgment previously rendered by the District Court of Bastrop County on the 11th day of January, 1904, in which judgment Mrs. Wright recovered $2,000 and Ada Estell Wright $1,000. This judgment, by reason of a compromise agreement entered into between the parties, was credited with the sum of $1,000. There was, upon the trial of the case, a credit also allowed upon the judgment of the sum of $450. The verdict and judgment finally rendered was in appellee's favor, for $1,550 with interest. The plaintiff's case is predicated upon the following state of facts exhibited by the pleadings, and which we hold is supported by the evidence:

The suit upon which the original judgment was based was for damages against the railway company by Mrs. Wright and Miss Wright, wife and daughter, respectively, of Mr. Wright, who was killed by reason of the negligence of the railway company. The appellees entered into a written agreement with Messrs. Parker & Staples to act as their attorneys and represent them in the original suit against the railway company in their action for damages. The interest of the two attorneys was contingent upon the amount recovered. In pursuance of this agreement they represented the appellees in the prosecution of their claim and recovered the judgment finally agreed upon against the railway company in the sum of $3,000. Thereafter the railway company paid the amount of judgment recovered to one Murchison, clerk of the District Court of Bastrop County, the court in which judgment had been obtained. $1,000 of the $3,000, the amount of the judgment paid to Murchison, belonged to Parker & Staples. Staples made a request of payment of this amount from Murchison, but he was informed by Murchison that before payment would be made he must procure a written order from the appellees authorizing payment to be made. Staples procured this order, which, in effect, authorized him to collect the entire amount of the judgment; that is, the sum that the appellees were entitled to, as well as that part that he and Parker were to receive. About the time that this written order was made by the appellees and forwarded to Staples, the appellees had drawn on Murchison through a bank at Bastrop for their proportionate share of the funds collected. This draft, when Staples called upon Murchison, it seems, had been presented by the bank to Murchison for payment, and Murchison raised an objection thereto that he ought not to be held liable for exchange. Staples then presented to Murchison the order in his favor for the money, and, in view of the fact that the draft had been drawn by the appellees upon Murchison direct, he did not demand of Murchison the share of the proceeds of the judgment that the appellees were entitled to, but he did demand of and receive from Murchison the $1,000 interest that he and Parker had in the sum so collected. Prior to the time that the order and the draft were drawn by appellees they had been notified by their attorneys that the amount of the judgment in their favor had been paid to the district clerk, Murchison.

Murchison never paid to appellees the draft in question, nor did he ever pay the appellees' part of the judgment that they were entitled to to them or either of them, or to their attorneys, but he appropriated and applied the money to his individual use.

Murchison says in his evidence that in the interview between him and Staples, when Staples demanded and received of him the $1,000 that he and Parker were entitled to, that he, Murchison, would, if Staples had so requested it, have paid him that part of the amount that the appellees were entitled to. In other words, he says that he was prepared and ready to pay Staples if Staples had made the demand upon him for that sum. Notwithstanding his testimony upon this question, in view of the facts and the evidence in the record, it is a disputed issue, and the jury had the right to conclude, under the evidence, that a part, if not all (and we think possibly all) of the funds that the appellees were then entitled to had been used and appropriated by Murchison, and that he was not able or prepared to pay off and discharge the order that was in Staples' possession written by the appellees.

There is another disputed question in the record that it is important to notice, and it is that the appellant contends that there is evidence showing that the payment by appellant originally to Murchison of the judgment in favor of appellees was authorized by Mr. Staples, one of appellees' attorneys. This view of the question is not conclusive, as the facts would authorize a jury to determine that no such authority was given. The two principal questions submitted in the court below and that are raised here are:

First.—Does the law, in the absence of express authority, imply a power in the attorney to delegate to another his authority to collect and receive payment of a judgment in favor of his client. In determining this question we must discard any intimation that the payment was made either to Parker or Staples direct, for the evidence in the record does not justify any such inference; and it is clear from the facts that the appellees conferred upon neither of their attorneys the power or authority to authorize them to permit the railway company to pay off the judgment to Murchison, or that the latter might receive the same. We are not going to extensively discuss this question, nor review the authorities, but the rule, as we understand it, which is supported by reason and authority, is to the effect that the attorney who has no express or implied authority from his client so to do is lacking in power to delegate to another his authority to receive and collect for the benefit of his client the amount due upon a judgment recovered. Hendry v. Benlisa, 20 So. Rep., 802; Danley v. Crawl, 28 Ark., 95; Dickson v. Wright, 52 Miss., 584; 23 Am. Rep., 677.

Second.—It is contended that the facts in the record show that the appellees ratified the unauthorized payment to Murchison. If there could, in view of the facts, which we seriously doubt, be any merit in this contention, all that can be said of it is that the evidence was of such a character as to merely raise an issue of fact which, on the subject of ratification, was submitted to the jury for their determination by charges as full and as liberal as the appellant was entitled to ask. But, however, as to this feature of the case, giving the evidence all the

weight it is entitled to, we seriously doubt whether it is sufficient to raise the issue of ratification. It merely is to the effect that the appellees were informed that the judgment in their favor had been paid to Murchison. After receiving that information they, through a draft upon Murchison and an order executed to Staples, undertook to obtain from Murchison the amount of money belonging to them that he had collected. The mere effort in this way to obtain possession of the funds that they were entitled to would not, in our opinion, ratify the unauthorized act by the appellant of payment to Murchison and his receiving it without their authority. It could at most, we think, be held to constitute merely the diligence of one that was entitled to funds who was endeavoring to collect same.

The charge of the court was as full as the appellant was entitled to, and there was no error in refusing the charges requested and not given.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.