## HERALDS OF LIBERTY *v.* RANKIN.

[94 South. 849.   No. 22605.]

1. LIBEL AND SLANDER. *Notice by letter to members of insurance association not to pay premiums to former collector held not libelous per se.*
   The following statement contained in a letter written by the head of an insurance company to its members about an employee reading as follows: "You are hereby notified to pay no further premiums in the Heralds of Liberty to our former collector, Laura B. Rankin, Gulfport, Miss., as it becomes necessary at this time for the future protection of our membership in Mississippi that a change in collectors be made, and we have this day canceled the appointment of Sister Rankin"—is not libelous *per se.*

2. LIBEL AND SLANDER. *Statement in letter not injuring reputation, · exposing to public hatred, degrading or imputing that person unworthy of credit not libelous per se.*
   A statement about a person in a letter which does not tend to injure his reputation, expose him to public hatred, contempt, or ridicule, or to degrade him in society, or lessen or lower him in public esteem or the confidence of the community, or impute that he is unworthy of credit, is not libelous *per se.*

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by Laura B. Rankin against the Heralds of Liberty. From a judgment for plaintiff, defendant appeals. Reversed, and judgment for defendant.

*George J. Edwards, Jr.,* for appellant.

If an action can still be maintained for a common-law libel, and there are decisions in Mississippi which seem to indicate that, although they do not decide the question just raised, the plaintiff is in a worse plight. She has no writing actionable at common law, and has many decisions against her.

Turning to the Mississippi decisions and considering the last first, we find: *Wrought Iron Range Co.* v. *Baltz,* 123 Miss. 550, 86 So. 354; *Woodville* v. *Pizatti,* 119 Miss. 85, 80 So. 491; *Holliday* v. *Maryland Cas. Co.,* 115 Miss. 56, 75 So. 764; *Lucas E. Moore Stave Co.* v. *Wells,* 111 Miss. 796, 72 So. 228; *Railway Co.* v. *Brooks,* 69 Miss. 168, 13 So. 847; *Dixie Fire Ins. Co.* v. *Betty,* 101 Miss. 880, 58 So. 705, *Hennessey* v. *Traders Insurance Co.,* 87 Miss. 259, 39 So. 692; *Quinn* v. *The Prudential Insurance Company of America,* 116 Iowa, 552, 90 N. W. 349; *Boynton* v. *Remington,* 3 Allen (Mass.) 397; *Baker* v. *Warner,* 231 U. S. 588; *Abersold* v. *Marcus,* 272 Pa. 199; *Mengel* v. *Reading Eagle,* 241 Pa. 367; *Hays* v. *Brierly,* 4 Watts, 392; 17 Ruling Case Law, Title Libel and Slander, section 184; *Pittsburgh, Allegheny and Manchester Pass. Ry. Co.* v. *McCurdy,* 114 Pa. 554.

In view of the testimony, clearing defendant of any wrongful intent; in view of her proof that she sustained no loss of any nature, direct or indirect, present or prospective, she should not be permitted to recover in this case. The judgment of the court below should be reversed and now entered in favor of the defendant.


*J. C. Ross,* for appellant.


The second ground of demurrer goes to the very kernel of the cause of action and puts the question squarely up to the court, as to whether or not the letter complained of, Exhibit "B" to the declaration was libelous *per se,* and I submit that the writing, when taken and considered by itself, is not libelous *per se,* and that was the position that the court had to view it from, and that the court erred fatally and reversibly in overruling the demurrer which embodied the said second ground, Exhibit "B" to the amended declaration and I cite the following authorities as bearing out my theory and contention in this matter and I submit that the writing complained of, or the state-·

ment in which the case herein below cited, comes more nearly within the requirements of the law to give the plaintiff a cause of action than the writing here complained of. *Holliday* v. *Maryland Casualty Co.*, 115 Miss. 56, 75 So. 764; *Wrought Iron Range Co.* v. *Baltz,* 123 Miss. 550, 86 So. 354; *Woodville* v. *Pizatti,* 119 Miss. 85, 80 So. 491; *Lucas E. Moore Stave Co.* v. *Wills,* 111 Miss. 759, 39 So. 692.

*Gardner & Brown,* for appellee.

The statement complained of was absolutely false. The defamatory language is libelous *per se.* 5 Words & Phrases, p. 4119; 1 Words & Phrases, p. 149; Newell on Libel & Slander (3 Ed.), p. 97; 25 Cyc. 250, 253, & authorities; *Montgomery* v. *Knox,* 3 So. 211; *Stewart* v. *Codrington,* 45 So. 809; *Peck* v. *Tribune,* 214 U. S. 190, 53 L. Ed. 962.

SYKES, P. J., delivered the opinion of the court.

Laura B. Rankin sued the Heralds of Liberty in the circuit court for libel. From a judgment in her favor this appeal is prosecuted.

The facts necessary to an understanding of this opinion are briefly as follows: The appellee for some time had collected monthly, quarterly, semiannual, and annual dues from about two hundred members of this insurance society. For the faithful discharge of these duties she had entered into a bond payable to the appellant association.

Appellant became engaged in litigation with its state agents, and these agents brought suit against the company by attachment in the chancery court, and Miss Rankin was made a defendant so that the funds in her hands should be paid into court instead of remitted to the home office of the appellant company.

Some time after this attachment suit was brought the appellant sent the two hundred members from whom Miss Rankin collected the following letter:

"Dear Member: You are hereby notified to pay no further premiums in the Heralds of Liberty to our former collector, Laura B. Rankin, Gulfport, Miss., as it becomes necessary at this time for the future protection of our membership in Mississippi that a change in collectors be made, and we have this day canceled the appointment of Sister Rankin.

"On receipt of this notice, members will please remit all premiums directed to our Northern Department, 4010-12-14 Chestnut St., Philadelphia, until such time as a new collector can be appointed.

"Premiums due on the 1st day of the month to be paid for and must be mailed on or before the last day of the same month. Any premiums mailed after the last day of the month must be accompanied by a health certificate, as per copy herewith inclosed. This is necessary, as your certificate becomes delinquent, but you do not lose your position in class during the ninety days allowed for delinquency. If all arrears are paid upon or before the last day of delinquency or within ninety days from date premium become due, and satisfactory, reinstatement application is furnished, certificates will be restored to good standing without class positions being affected.

"Kindly forward your premium receipt book to this office for comparison with our records. Fraternally yours, Heralds of Liberty, Emanuel Barrick, Supreme Recorder."

It is the contention of the appellee, and it was so held in the lower court, that this letter is libelous *per se*. No special damages were proven.

That part of the letter material to this question is as follows:

"You are hereby notified to pay no further premiums in the Heralds of Liberty to our former collector, Laura B. Rankin, Gulfport, Miss., as it becomes necessary at this time for the future protection of our membership in Mississippi that a change in collectors be made, and we have this day canceled the appointment of Sister Rankin."

Evidently this company wanted its funds remitted direct-ly to headquarters because of this attachment suit in Mississippi. Its object was to prevent any more of its funds from being held in Mississippi than were already so held.

It will be noted that there is no direct charge nor is there any insinuation in this language that appellee in the past has been dishonest in any way in the conduct of this busi-ness. In fact, there is no charge or insinuation that Miss Rankin has not in every way properly conducted her busi-ness with this company in the past. This language merely states that "for the future protection of our membership." The letter does not go into detail as to why this change is necessary for the future protection of the membership.

From this language there is nothing which tends to in-jure the reputation of the appellee or expose her to public hatred, contempt, or ridicule, or degrade her in society, lessen her in public esteem, or lower her in the confidence of the community. Neither is there in this letter any lan-guage which imputes that she is unworthy of credit, and which naturally tends to injure her good standing and good name in the community or lower her in the confidence and respect of her neighbors.

Before being actionable *per se,* this letter must have had the above effect. *Wrought Iron Range Co.* v. *Boltz,* 123 Miss. 550, 86 So. 354; *Woodville* v. *Pizatti,* 119 Miss. 85, 80 So. 491; *Holliday* v. *Maryland Casualty Co.,* 115 Miss. 56, 75 So. 764; *Moore Stave Co.* v. *Wells,* 111 Miss. 796, 72 So. 228.

The pleadings and proof on behalf of the appellee are predicated exclusively upon a libel *per se.* No special dam-ages are alleged or proven. Consequently the court in the first instance erred in not sustaining defendant's demurrer to the counts of the declaration.

Neither under the proof was the plaintiff entitled to re-cover any damages whatever.

A motion for a peremptory instruction was made by the defendant at the conclusion of all the testimony. This motion should have been sustained.

Reversed, and judgment here for the appellant.