BALDWIN PIANO CO. *et al. v.* JONES.*

(Division B. Dec. 3, 1928.)

[119 So. 183. No. 27502.]

*Corpus Juris-Cyc References: Libel and Slander, 37CJ, section 447, p. 65, n. 86; section 452, p. 67, n. 9; section 556, p. 109, n. 36; On the general rule as to what constitutes variance between pleadings and proof of defamatory words, see annotation in 2 A. L. R. 367; 17 R. C. L. 421; 3 R. C. L. Supp. 682; 4 R. C. L. Supp. 1130; 6 R. C. L. Supp. 1013.

*R. H. Dale* and *Rawls & Hathorn,* for appellants.

*Davis & Conner,* for appellee.

Argued orally by *C. V. Hathorn,* for appellant, and *T. B. Davis,* for appellee.

PACK, J. Appellee, plaintiff in the court below, instituted this suit against the Baldwin Piano Company, and its agent, W. H. Youse, based on a charge of slander. The jury rendered a verdict in favor of the plaintiff, upon which judgment was entered by the court; and from this judgment there was an appeal to this court.

It appears that Jones had been a local dealer in pianos for the defendant company at Columbia, and formerly at Laurel. Youse, the agent of the company, went to Columbia to adjust some controversy between Jones and the company. Upon reaching there and finding Jones absent, Youse accompanied by one Armstrong, another agent of the defendant company, drove out several miles into the country to the home of J. A. Bilbo, whose daughter had recently married Jones. Neither Jones nor his bride was at the Bilbo home at the time of Youse's visit. Jones had sold the Bilbos a Baldwin piano, taking notes for a part of the purchase price, and the adjustment of this sale and these notes was the purpose of Youse's visit to the Bilbo home. Youse talked to the wife of J. A. Bilbo in the presence, as it is alleged, of Mrs. Vardaman Bilbo and Armstrong, and during the course of conversation, he, the declaration avers, in referring to Jones, said:

"C. V. Jones has stole everything he could from the Baldwin Piano Company and he is dodging me now, that we are going to send him to the penitentiary for stealing this money. . . . He has been keeping his own niece as his wife, and you had better go and get your daughter."

Upon the trial plaintiff was permitted, over objection, to prove that Youse and Armstrong, after having the alleged conversation with the Bilbo women, went to the field where J. A. Bilbo was working and there said to him

"that Jones had made way with the company's money, and that he was a rascal, and they were after him and wasn't a decent one in the family."

It is contended there was a fatal variance between the declaration and the proof; that the objectionable words set out in the declaration charged the appellee with being a thief, whereas the remarks alleged to have been made to Mr. Bilbo do not charge theft. It is further contended that the words imputed to Youse were not actionable *per se*, although this was the effect and import of an instruction given for the plaintiff, which reads:

"The court instructs the jury in this case that if they believe from the testimony in the case that the defendant, Youse, went to the home of J. A. Bilbo and there said to Mrs. Bilbo, in the presence of Mr. Armstrong and Mrs. Vardaman Bilbo that Mr. Jones had made way with some of the company's money and that he said these words while acting within the scope of his employment and in connection with the business of the company, and said them maliciously and that no duty rested upon him to make such statements and that the circumstances under which he spoke said words, did not require same to be spoken, then both he and the company will be liable in damages to the plaintiff as a matter of law."

It seems to be the recognized rule in actions for slander that the identical language charged in the declaration, or synonymous words, must be proved, otherwise there is a fatal variance. It is not sufficient to prove words conveying the general idea. *Jones* v. *Edwards,* 57 Miss. 28, citing Townshend on Slander and Libel, section 364. In the above-cited case, this court held, in part:

"The slanderous words averred in the declaration were that the defendant had said, of and concerning the plaintiff, that 'he (meaning the plaintiff) had stolen, or might as well have stolen, said bale of cotton,' and further that 'he (meaning the plaintiff) was a d——d rascal.' The court properly excluded evidence under this count,

that the defendant had said, that the plaintiff 'was a poor scamp, that he had taken his rent cotton and carried it off and sold it without leave, and that when the grand jury met he would show him (the plaintiff) whose cotton it was.' There was a fatal variance between the language averred and that offered to be proved. In this class of cases, the exact words charged, or synonymous words, must be proved. It is not sufficient that the same general idea is conveyed. Townshend on Slander and Libel, section 364, and cases cited. There was here but little, if any, similarity of ideas, and none whatever of words, nor did the plaintiff offer to amend his declaration so as to conform to the words proved, as he would have had a right to do.''

We think it was one thing to charge that ''Jones has stole everything he could from Baldwin Piano Company. . . . We are going to send him to the penitentiary for this money.'' But quite a different thing to prove that ''Mr. Jones made way with some of the company's money.'' In one statement, Jones is charged with larceny; in the other, it is doubtful what is meant—probably embezzlement is implied. When this testimony was introduced, leave was not asked to amend the declaration. We hold there was a fatal variance, and that the testimony was incompetent and prejudicial.

Even though the language testified to by Mr. Bilbo might be construed to have the same meaning as the words charged in the declaration, it was for the jury to determine what was meant by their use, and error for the court to give the instruction complained of. The piano company and Jones were in controversy over money collected by the latter. It was claimed that Jones was indebted to the company in a large sum for money collected and not reported; and Youse testified substantially that he told Mrs. Bilbo that Jones had collected and misappropriated the money of the company. Jones did not deny collecting the money, but claimed that he had

the right to hold it against what the company owed him. Under this disputed fact, the prejudicial effect of the instruction becomes apparent.

Because of the error pointed out herein, the judgment of the court below is reversed and remanded.

*Reversed and remanded.*