LEMONIS *v.* HOGUE.

Apr. 7, 1952.

No. 38348 (57 So. (2d) 865)

Ernest Kellner, for appellant.

**J. W. Miller, Farish, Keady & Campbell,** for appellee.

**Hall, J.**

Appellee brought suit against appellant for slander and recovered a judgment for $2000 actual damages and $1000 punitive damages. Appellant contends that he was entitled to a peremptory instruction which was refused by the trial court.

The declaration charges that appellant made the following charge against appellee: "That fellow Lloyd Hogue stole $300.00 in cash from under my cash register this morning and I'm going to have him arrested." Words which accuse a person of being a thief are actionable *per se,* Valley Dry Goods Co. v. Buford, 114 Miss. 414, 427, 75 So. 252. To sustain a charge of slander *per se* it is necessary to prove that the identical words alleged in the declaration, or synonymous words, were used and it is not sufficient to show that the same general idea is conveyed. C. I. T. Corporation v. Correro, 192 Miss. 522, 530, 6 So. (2d) 588; Jones v. Edwards, 57 Miss. 28; Baldwin Piano Co. v. Jones, 152 Miss. 254, 119 So. 182.

The declaration charged that the quoted words were uttered and published to J. S. Myres, the Sheriff of Issaquena County, to Dr. Andy Crawford, the Sheriff of Sharkey County, to Vergil Wells and to numerous people.

To sustain his charge the appellee offered David Crawford as a witness who testified as follows:

"Q. What did he (Lemonis) say? A. He only said that he lost $300.00 then in the meantime he said Mr. Hogue was in his place and he said the boy was up in front (I don't know who) and Phillip Lemonis was in the back and Hogue wanted a beer on credit and the boy stepped back to ask his daddy about letting him have the beer and he told us he told the boy to wait he would be up in just a minute. He said he did let him have the beer and in the meantime Hogue was drinking the beer and three or four walked in—he didn't call their names— Hogue finished his beer and left and in the meantime he missed his money and he got in his car and tried to overtake Hogue and he said he chased him to Rolling Fork."

Appellee testified in his own behalf and made no effort to substantiate the aforesaid charge in his declaration. On cross examination he admitted that he did not hear

appellant utter the quoted words but he did say "I heard him say I stole the money" and he testified that his statement was made to Dr. Andy Crawford, Vergil Wells, David Crawford and David Woolbert.

The only other witness offered to substantiate the charge was Dr. Andy Crawford who testified that appellant did not request the arrest of appellee but that "He came to my house just before noon and said he had just missed something over $300.00 in his establishment over in Issaquena County and during that time he lost it Mr. Hogue was in there alone and when he got to that store I told him he was in Issaquena County and he would have to go over there and he left."

Neither J. S. Myres nor Vergil Wells nor David Woolbert was offered as a witness by appellee.

Mr. Myres was offered as a witness by appellant and testified: "It was about 12:30 on Sunday he (Lemonis) came and said he had lost some money at the store and I asked him how much and he didn't know exactly and I told him I would run right on out. I asked him who had been in the store and he said a good many, then it boiled down to one man and he said he wanted to buy a bottle of beer on credit and his son came to the back room and asked him and he said this boy sold him a bottle of beer. I said 'Where did you put your money?' and he said 'In this little drawer that was about 14 inches square next to the cash register.' " On cross examination Mr. Myres was asked "Did he say he stole it?" and he replied "No, sir."

Appellant testified and positively denied making the statement attributed to him in the declaration.

 We are of the opinion that appellee's proof wholly failed to sustain the charge of the declaration. No one testified that the words charged in the declaration were uttered nor that synonymous words were used. Consequently under the above authorities appellant was entitled to a peremptory instruction. The judgment of the

lower court is accordingly reversed and judgment will here be entered in favor of appellant.

Reversed and judgment here.

**Roberds, Alexander, Kyle** and **Holmes, JJ.,** concur.