TRAVIS, et al. *v.* HUNT.

No. 39655        May 2, 1955        79 So. 2d 734

194

*J. M. Travis,* Heidelberg, for appellants.

*Murray & Murray, W. E. McIntyre, Jr.,* Brandon; *Lipscomb, Ray & Barksdale,* Jackson, for appellee.

ETHRIDGE, J.

Appellee W. R. Hunt brought this slander suit in the Circuit Court of Rankin County against Mr. and Mrs. Travis, appellants, defendants below. The jury returned a verdict for appellee for $1,000.

The jury manifestly found in accordance with appellee's evidence. He was employed by the State Motor Vehicle Comptroller to weigh all trucks passing the official scale stations of the State on U. S. Highway 49 south of Jackson. Appellee went on duty at 4 P. M. and was relieved at 12 midnight. In the early morning of January 12, 1953, appellants' truck was detained at the official scales because it did not have a proper tag and was overloaded. When appellee came on duty at 4 P. M. the truck was still there. Around 7 P. M. Milton Travis came back to the scales and cursed appellee for tying up his truck. Appellee replied that the truck was being held pursuant to the statutes until the owner met the statutory requirements. Milton Travis was drunk at the time and talked very roughly to appellee. After the encounter, both appellants returned to the scales around 9:30 P. M. His truck was loaded with cases of china and pottery, for delivery to appellants' place of business in Rankin County, south of the scales. J. H. and Dempsey Barefield and Carroll Myrick were then present. According to appellee's testimony, confirmed by that of these three witnesses, both of the appellants at that time accused appellee of stealing two cases of the pottery off of their truck. Mr. Travis, who was drunk, also cursed appellee.

██ Both of the appellants testified, and denied that they had accused appellee of stealing anything. They contended that they stated to him that there was a case missing from the truck, and they did not know who got it. They denied that Mr. Travis was under the influence of whiskey, and denied that he cursed appellee or was angry toward him. Appellants testified that they were not around the scale station at 9:30 P. M. that night, but that in fact they had paid the additional tax around 7 P. M. and had driven the truck to their home at that time. To support their testimony, they offered as witnesses a colored porter who helped to unload the truck, and a friend who stated that she was visiting that night with appellants. However, all of this testimony made an issue of fact for the jury, and there was substantial evidence to support the jury's verdict for appellee.

██ Appellants also complain of two instructions granted appellee, on the ground that they failed to state that the words spoken were "calculated to lead to a breach of the peace," as is required of suits under the actionable words statute, Code of 1942, Section 1059. However, this is not a suit based upon the actionable words statute, but upon common-law slander. ██ It is well-settled that to charge a person with theft or larceny is actionable per se. 33 Am. Jur., Libel and Slander, Sec. 31; Prosser, Torts (1941) pp. 798-801. ██ And in such cases general damages need not be pleaded or proved, but are presumed to result. (Hn 5) Moreover, malice is presumed as a matter of law where the words spoken are actionable per se. 33 Am. Jur., Libel and Slander, Secs. 5, 266. Cf. Valley Dry Goods Company v. Buford, 114 Miss. 414, 427, 75 So. 252 (1917); Lemonis v. Hogue, 213 Miss. 775, 57 So. 2d 865 (1952).

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.