512 So.2d 1283 (1987)
Henry BAUGH, Jr.
v.
Cynthia McArthur Dale Westerfield BAUGH.
No. 57233.
Supreme Court of Mississippi.
September 23, 1987.
Hansel Anthony Jones, Jackson, for appellant.
Lindia P. Robinson, Jackson, for appellee.
Before WALKER, C.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
Plaintiff, an elderly social security disability recipient, took offense and sued his former daughter-in-law for slander because she told a disability determination worker she did not know he was disabled and had never known him to wear a neck brace. Plaintiff's imagination exceeded his judgment, which was summarily entered and provided that he take nothing. We affirm.

II.

A.
Henry Baugh, Jr. (Baugh) was born December 31, 1920. He lives in Brandon, Mississippi. Baugh was the Plaintiff below and is the Appellant here.
Cynthia McArthur Dale Westerfield Baugh[1] (Cynthia) lives in Jackson, Mississippi; she is the former wife of Henry *1284 Baugh's only son, Tommy. Cynthia and Tommy Baugh separated in the spring or summer of 1979. It is not clear from the record when their divorce was final. Cynthia Baugh was the Defendant below and is the Appellee here.
Henry Baugh began receiving Social Security disability benefits in February of 1972. At that time he was 51 years of age. The bases for his disability were vertigo and arthritis in his spine. In February or March of 1982, Baugh received a letter from the Social Security Administration to the effect that his benefits would be terminated because "from the information they had on their files that I would become able to go back to work in January of '82."
In May of 1982 Baugh was apparently on a television program in Jackson regarding some aspect of his disability claim. Cynthia saw the program and on May 17, 1982, called the Social Security office in Jackson and uttered the said-to-be slanderous words upon which this action is based.
On May 17, 1982, Becky Ruggles was an employee of the Disability Determination Services which assisted the Social Security Administration in determining eligibility for benefits. On that date Ruggles received a telephone call from an individual who identified herself as "Cindy Baugh." The call was in regard to the claim of Henry Baugh. Ruggles made a notation in Baugh's file which in relevant part reads as follows:
Ms. Baugh called ... as an interested party in this case. She said she's the former daughter-in-law of this claimant. She said she was unaware that the claimant was disabled and wanted to know what was going on in the case. She said she had already talked to someone in our office about the case. She had seen the claimant on T.V. the other night and she wanted SA to know that in all the years she was married to claimant's son, she had not known claimant to wear a neck brace. She said she wanted to report all this to the examiner handling the claim.
The rest of the notation suggests that the caller, Cindy Baugh, was having trouble with child support. It contains a comment to the effect that claimant Henry Baugh appeared to live in "a mansion." The caller had asked questions concerning the status of the claim. The tenor of the remainder of the report is that the caller was inquiring about a possible source for collecting back child support, although this conclusion requires a slight amount of reading between the lines.
Cynthia Baugh denies making the call. The report Ruggles placed in Baugh's file suggests that the telephone number of the caller "Cindy Baugh" was 373-7717. That was the telephone number of Video Dynamics, Baugh's employer at the time. In the present posture of the matter, we proceed on the assumption that Cynthia Baugh made the call.

B.
On May 10, 1983, seven days prior to the running of the statute of limitations, see Miss. Code Ann. § 15-1-35 (1972), Baugh commenced the present civil action by filing his complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi, naming as Defendant Cynthia Baugh and charging slander. The basis of the alleged slander was the May 17, 1982, communication from Cynthia Baugh to Ruggles. The complaint alleged that the statements Cynthia Baugh made were untrue and that they were made wilfully and maliciously. Cynthia Baugh answered and denied the essential allegations of the complaint and moved to dismiss.
After considerable discovery via depositions and interrogatories, the motion to dismiss was converted to a motion for summary judgment. See Rule 12(b), Miss.R. Civ.P.; Gray v. Baker, 485 So.2d 306, 307 (Miss. 1986). On March 7, 1986, the Circuit Court entered its order granting summary judgment in favor of the Defendant Cynthia Baugh and dismissing the complaint with prejudice. Henry Baugh now appeals to this Court.

III.

A.
Henry Baugh first charges that Cynthia's utterance was slanderous per se. *1285 Because of the present procedural posture of the matter, we resolve the only factual dispute against Cynthia, to-wit: We proceed on the assumption that she did in fact make the call to Becky Ruggles of the Social Security Disability Determination Services. Our question becomes whether the words uttered impute a crime to such an extent that we should regard them as slanderous per se,[2] a label our law affords words so clearly defamatory that no resort to other facts or circumstances is necessary for the ordinary person to understand injury to the victim's good name.
Our only source for the content of what was said is the contemporaneous written memorandum Ruggles prepared on May 17, 1982. That memorandum, quoted above, in essence found Cynthia advising Social Security that she was unaware that her former father-in-law was disabled and that
in all the years she was married to claimant's son, she had not known claimant to wear a neck brace.
Henry Baugh claims that these words imputed that he was not disabled, had never been disabled, and by their nature suggested that Baugh was guilty of "fraud, deceit and trickery in obtaining money from the Social Security Administration."
Without doubt, an utterance falsely imputing a crime or accusing one of being a thief is actionable per se. Boler v. Mosby, 352 So.2d 1320, 1323 (Miss. 1977); Lemonis v. Hogue 213 Miss. 775, 780, 57 So.2d 865, 866 (1952). The slander, however, must be clear and unmistakable from the words themselves and not be the product of any innuendo, speculation or conjecture. Chatham v. Gulf Publishing Company, Inc., 502 So.2d 647, 650 (Miss. 1987); Fulton v. Mississippi Publishers Corp., 498 So.2d 1215, 1217 (Miss. 1986); Ferguson v. Watkins, 448 So.2d 271, 275 (Miss. 1984); Heralds of Liberty v. Rankin, 130 Miss. 698, 702, 94 So. 849, 850 (1922); Woodville v. Pizatti, 119 Miss. 85, 91-92, 80 So. 491, 492 (1919); see also Lizak v. Associated Indemnity Corp., 615 F. Supp. 17, 19 (S.D. Miss. 1985).
The mere statements that Cynthia had never known Henry Baugh to wear a neck brace and that she did not know he was disabled hardly generate a clear and unmistakable accusation that Baugh has been guilty of fraud in obtaining Social Security disability benefits. Much less do the words impute a crime. Cynthia Baugh's communication to Ruggles could as easily be construed as an expression of surprise that Baugh was getting Social Security disability benefits because she had not known him to wear a neck brace, but that, since he was getting those benefits, she wanted to know about the fact because she was interested in trying to recover back child support. We hold that these words are not actionable per se. See Miller v. Mix, 161 Miss. 681, 690, 137 So. 742, 744 (1931).

B.
Henry Baugh next argues that the words uttered are actionable by reason of the context in which they were uttered. If we understand the point, he is urging a theory in the nature of a slander per quod. Assuming arguendo the viability of such a theory of recovery, but see Fulton v. Mississippi Publishers Corp., 498 So.2d 1215, 1217 (Miss. 1986), Baugh must allege and prove special damages. See Barton v. Barnett, 226 F. Supp. 375, 377 (N.D.Miss. 1964). Rule 9(g), Miss.R.Civ.P., requires that in cases where special damages are alleged they must be charged with particularity. Similarly, to survive a motion for summary judgment, special damages must be demonstrated with some particularity.
In the first place, Henry Baugh does not charge that Cynthia Baugh's telephone call to the Disability Determination Unit caused his benefits to be terminated. The reason is obvious. The alleged slanderous telephone call was made on May 17, 1982. Baugh's disability benefits, however, had been cut off at least two months earlier, back in February or March of 1982. Nor *1286 does Baugh in any other manner suggest any damages of a pecuniary character said to have been caused him by what Cynthia said. See Scott v. Harrison, 215 N.C. 427, 430-31, 2 S.E.2d 1, 3 (1939); Terwiliger v. Wands, 17 N.Y. 54, 60-64, 72 Am.Dec. 420 (1858); Prosser and Keeton, The Law of Torts 794 (5th ed. 1984).
Second, it is significant that Henry Baugh presents no credible information that Cynthia Baugh made the allegedly slanderous utterance to anyone other than Ruggles, though that be sufficient as publication. Any special damages had to result from the utterance to Ruggles or, likely, from Ruggles repeating the statement to other parties. But there is no such suggestion in this record. There is nothing in this record that suggests that Ruggles even knew Baugh except in the sense that she knew of his file nor that she knew of any of his acquaintances, socially, businesswise or at church.
The essence of slander, of course, is injury to reputation. And, to be sure, Henry Baugh charges that he was subjected to ridicule, scorn, embarrassment and injury to his reputation. When asked for specifics at his deposition of January 11, 1984, however, he produced nothing. He said there were telephone calls about his being cut off from Social Security benefits but he remembered no details. Nor did he remember being embarrassed by those calls or having his feelings hurt. Moreover, it must be recalled that he was cut off from benefits over two months before the allegedly slanderous utterance. Baugh states that relatives had to help him out financially but in no way establishes that his financial difficulties were due to the May 17, 1982, telephone call from Cynthia Baugh to Ruggles. Rather, those problems related to his earlier loss of Social Security disability benefits.
In sum, Henry Baugh has wholly failed to make any substantial showing of injury to reputation. He has shown no legally cognizable damages, pecuniary, special or otherwise. Neither in his answers to interrogatories nor depositions nor affidavits has he shown that the telephone call from Cynthia Baugh to Ruggles caused him any loss of esteem or other damage. In saying this, we emphasize that we have considered the present record in accordance with our well established rules regarding motions for summary judgment. See Rule 56(c), Miss.R.Civ.P.; Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983) and progeny. We regard it clear beyond peradventure that Henry Baugh simply has no case against his former daughter-in-law.
AFFIRMED
WALKER, C.J., ROY NOBLE LEE, HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ANDERSON and GRIFFIN, JJ., concur.
SULLIVAN, J., concurs in result only.
NOTES
[1] We perceive no reason Plaintiff Baugh would state Defendant's name in the style of his complaint, except to suggest that she has been married several times and, by innuendo suggest that she is a bad person, an innuendo if anything more slanderous than that which may be gleaned from the words she is said to have uttered.
[2] The other three historically recognized bases of slander per se  imputation of a loathsome disease, suggestion of conduct incompatible with proper conduct of one's business or trade, and suggestion of unchastity  obviously have no application here.