CONROY *v.* BRELAND *et al.*

(Division A. June 12, 1939. Suggestion of Error Overruled July 8, 1939.)

[189 So. 814. No. 33748.]

**M. S. McNeil** of Hazlehurst, and **R. L. Jones**, of Brookhaven, for appellant.

W. S. Henley, of Hazlehurst, for appellee.

Argued orally by **M. S. McNeil** and **R. L. Jones**, for appellant, and by **W. S. Henley**, for appellees.

**Griffith, J.**, delivered the opinion of the court.

The appellant, who will be referred to as the plaintiff, filed her declaration in the circuit court against the defendants, the principal averments of the declaration, stated as briefly as practicable, being as follows:

That plaintiff, at the time of the wrongs complained of, was a merchant on East Railroad Avenue, in Crystal Springs, and the defendant bank was engaged in the general banking business and the other defendant was the president thereof and handled for and on behalf of the bank all the matters hereinafter mentioned. That in the conduct of her mercantile business the counters, showcases, desks, and the like used therein were not the property of plaintiff but had been loaned to her by three of her friends, namely, Lotterhos & Huber Company, G. M. Bratton, and R. B. Thomas; and that at all times the defendants knew that plaintiff did not actually own any mortgagable interest in said property. That plaintiff desired to secure a loan at the bank, and agreed to execute a deed of trust on her homestead for that purpose, together with the pledge by deposit or delivery of certain jewelry. That the only property to be included in said deed of trust, or which was included therein when executed, was the homestead aforesaid; but that after the execution and delivery of the deed of trust, the defendants, without plaintiff's knowledge, consent, or agreement, unlawfully and spuriously inserted in the deed of trust, next following the description of the real estate, the following words: "All furniture and fixtures in store we now occupy on R. R. Ave.," which instrument, so altered the defendants thereupon filed for public record. That thereafter plaintiff was compelled to file a petition in bankruptcy, in which proceeding, defendants filed a sworn claim or statement asserting that plaintiff had executed and delivered to the defendant bank a deed of trust on the said furniture and fixtures.

The declaration avers "that the defendants made de-

mand upon Lotterhos & Huber Company, G. M. Bratton, and R. B. Thomas for said property, claiming that the bank held a deed of trust against the same, duly executed and delivered by the plaintiff,'' and in another paragraph the declaration further avers that the defendants ''wrote each of said parties from whom the plaintiff borrowed said property a letter demanding possession of said property, claiming at the time that the defendant bank held a deed of trust against the same.''

It will be noted that the allegation in respect to the letters does not include the express assertion that the letters charged that plaintiff had executed the deed of trust; and it might be argued that for all that is alleged as regards the letters, the deed of trust may have been given by some other person than plaintiff. But the allegation in respect to the letters is to be taken in connection with the circumstances of the other quoted allegation in which it is averred that defendants, in making demand on the owners of the property, claimed that the deed of trust had been executed by plaintiff; and even if this claim may be taken as if orally made on an occasion separate from the letters as regards time, nevertheless it operated to make the recipients of the letters to understand that the person to whom the publishers referred in the letters as having given the deed of trust was the plaintiff. ''A defamatory communication is made concerning the person to whom its recipient correctly, or mistakenly but reasonably understands it as intended to refer. . . . Extrinsic facts may make it clear that a statement refers to a particular individual although the language used appears to defame nobody. It is not necessary that every one recognize the other as the person intended; it is enough that any recipient of the communication reasonably so understands it.'' 3 Rest. Torts, Sec. 564 and comment thereunder. Further references to the element of the understanding of the recipients will be made later herein.

And further of the allegations will be later mentioned;

but analyzing the declaration at this point and taking, all its averments well pleaded as true, which must be done on demurrer, the following is shown: The plaintiff was a merchant, the furniture and fixtures being used in her mercantile business were not her property and were merely loaned to her, which fact was at all times known to the defendants. Plaintiff gave no deed of trust on this property, which fact defendants well knew, and defendants knew, therefore, that they had no valid deed of trust thereon. But the claim made by defendants that they had a deed of trust executed thereon by plaintiff and their demand for possession thereunder comprehended or comprised an assertion by them known by them at the time to be false, that they did have a valid and enforceable deed of trust, and this in turn comprehended or comprised the false assertion, known to the publishers to be false, that plaintiff had been guilty of the deliberate and grossly dishonest conduct hereinafter pointed out.

At common law any written or printed language which tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community is actionable per se. Hodges v. Cunningham, 160 Miss. 576, 581, 135 So. 215; Wrought Iron Range Co. v. Boltz, 123 Miss. 550, 558, 86 So. 354; and no special damages are necessary to be alleged or shown in order to prevail against a demurrer, or a motion to exclude. 3 Rest. Torts, Sec. 569. The statement of the rule, as set forth in this paragraph, must not be confused with that more precisely applicable to slander or oral defamations, and must, of course, be taken in connection with the further rule, prevailing in this State, that the truth of the matter alleged to be defamatory, whether in slander or in libel, is a good defense. Neely v. Payne, 126 Miss. 854, 89 So. 669; 36 C. J., pp. 1231, 1232, and cases there cited.

The meaning to be ascribed to the publication is that which the recipient would correctly, or mistakenly but

reasonably understand as intended to be expressed—provided the recipient did actually understand it in the defamatory sense. And in the foregoing connections account is to be taken of all the circumstances under which the publication was made, so far as these circumstances were known to the recipient. 3 Rest. Torts, Sec. 563. Compare Taylor v. Standard Oil Co., Miss., 186 So. 294.

When the letters aforementioned were received from the defendants, the recipients knew that they, the recipients, and they alone, were the owners of the property, but, of course, did not know what had transpired between the plaintiffs and defendants in respect thereto—as it must be assumed in the absence of any allegation to the contrary. The publishers knew that, under the circumstances set forth, the recipients would naturally and reasonably understand and be informed by said letters that plaintiff had not only executed a deed of trust on the said property, but also in executing the deed of trust on property not owned by her, and in order to give that deed of trust any semblance of validity in defendants' hands, had been guilty of falsely representing to defendants that she owned the property and in such right as to enable defendants to take possession of it on condition broken, or else had not disclosed to defendants the state of the ownership and title to the property so that by force of Section 3352, Code 1930, commonly known as the "business sign statute" the deed of trust thereon would be valid as to encumbrancers thereof without notice; and the declaration sufficiently avers that the recipients, being the friends and neighbors of plaintiff, did actually understand the import of the letters to be as aforesaid, and that the charge so made became generally circulated in the community in which plaintiff lived and became known to all her neighbors throughout that vicinity, to the damage of plaintiff in her previous good name and reputation.

It was not necessary to a cause of action that the letters must have charged, or imputed to, the other party the

commission of a specific crime or any crime; nor, as already mentioned, was it necessary to allege and particularly point out any special damages, for which appellees have so earnestly contended. We do not follow out in detail the other several arguments made, inasmuch as we have sufficiently stated the applicable rules in what we have already said. The demurrer to the declaration should have been overruled.

Reversed and remanded.