Dr. R.E. LIZAK and Dr. R.E. McArthur, d/b/a Arrowhead Clinic, Plaintiffs,

v.

ASSOCIATED INDEMNITY CORPORATION, Defendant.

Civ. A. No. E84–0096(L).

United States District Court, S.D. Mississippi, E.D.

April 25, 1985.

Murray Williams, Water Valley, Miss., for plaintiffs.

Luther T. Munford, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for defendant.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

On February 25, 1983, Bobby Wayne Cole was injured in the course of his employment with Construction Services, Inc. (Construction). Pursuant to the written authorization of Nancy Moffett, Secretary/Bookkeeper of Construction, Cole was treated by chiropractors Dr. R.E. McArthur and Dr. R.E. Lizak, the plaintiffs.[1]

Cole presented the bill for services rendered by McArthur and Lizak to Associated Indemnity Corporation (Associated), the defendant and workers' compensation carrier for Construction. On May 26, 1983, Lucille Barwick, for Associated, wrote Cole:

> We are in receipt of Dr. Lizak's medical report and bill for services through 5/18/83.
>
> Please be advised we will honor this bill but we do not authorize any further Chiropractic treatment or services.
>
> Should you have a continuing problem with this injury, please see a reputable medical or orthopaedic doctor.

By her affidavit, Barwick stated that Associated has a policy of not paying for extended treatment by a chiropractor. In a memorandum dated January 26, 1983 and sent to Associated, Marshall G. Bennett, Chairman of the Mississippi Workmen's Compensation Commission, stated:

> ... Under section 71–3–15, the employer-carrier has the right and duty to properly choose and offer medical care and other treatment to the injured employee. In practice, the employee often requests and receives permission from a representative of the employer to see a specific chiropractor and by assenting to the employee's request for this attendance or treatment, or by failure to reject such request, the employer may have, in effect, consented to and authorized such treatment. The employer-carrier would therefore be responsible for paying for chiropractic services up to and until such time as the authorization is rejected or cancelled by the employer, or the insurance carrier, who stands in the place of the employer when compensation insurance is obtained.

Therefore, Associated was reasonable in taking the position that it could properly cancel the authorization for chiropractic treatment.

■ Plaintiffs brought this suit against the defendant alleging that the letter to Cole from Barwick was "false, malicious

---

1. Dr. McArthur and Dr. Lizak do business as Arrowhead Clinic, Professional Association.

and slanderous" and that it has damaged their professional reputations as well as causing various forms of personal anguish. The defendant has moved for summary judgment and the court, having considered the memoranda with attachments, is of the opinion that there exist no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law.

Cole stated, in his affidavit, that

I gathered from the letter, and so did my wife and other people who saw the letter, that they, Lucille Barwick and Associated Indemnity Corporation, by the language used in said letter were telling me that Dr. Russell E. McArthur and Dr. Richard E. Lizak and both of them, were not reputable, were dishonest, were not competent or qualified to treat me, that they were unscrupulous and had no integrity, and were not competent to practice their profession; I got the distinct impression from reading this letter that Lucille Barwick and Associated Indemnity Corporation was [sic] saying that my Doctors could do me no good, that I was wasting my time and trouble in going to see them, that they were nothing more than quack doctors and were wholly and completely incompetent to help me or anyone else.

Dr. Lizak, in his deposition, stated that, upon reading the letter, "I felt like I was being phrased as being dishonest, unreputable [sic], charging high fees, doing something wrong in my practice, my treatment was wrong. This whole phrase right here, there was no need to, in the context of this letter, to basically say that I am not reputable, and all the terms that this whole phrase does infer, it was a—I was hurt very much by this."

█ It is well established in Mississippi that:

Any written or printed language which tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community is actionable per se.

*See Ferguson v. Watkins,* 448 So.2d 271, 275 (Miss.1984). In *Ferguson,* the court stated that "the defamation must be clear and unmistakable from the words themselves and not be the product of innuendo, speculation or conjecture." *Id.* The Mississippi Supreme Court has also stated:

The meaning to be ascribed to the publication is that which the recipient would correctly, or mistakenly but reasonably understand as intended to be expressed—provided the recipient did actually understand it in the defamatory sense.

*Conroy v. Breland,* 185 Miss. 787, 189 So. 814, 816 (1939).

The statements of Cole and the plaintiffs make clear that they understood the letter "in the defamatory sense." This court is of the opinion, however, that, as a matter of law, the letter is not defamatory because the meaning ascribed by the plaintiffs and Cole is not reasonable. The letter does not include any statement regarding the competency of the plaintiffs, nor does it question their treatment of the claimant. The plaintiffs apparently find the sentence advising Cole to "see a reputable medical or orthopedic doctor" to be particularly offensive. That statement obviously refers to a reputable, rather than a disreputable, medical or orthopedic doctor and does not in any way cast aspersions on the reputation or ability of the plaintiffs or any other chiropractor.

It is the opinion of this court that the defendant's motion for summary judgment should be granted. A separate judgment shall be entered according to the local rules.