498 So.2d 1215 (1986)
C.B. FULTON and Jeanette F. Fulton
v.
MISSISSIPPI PUBLISHERS CORPORATION, d/b/a Ocean Springs Record, and Wayne W. Weidie.
No. 55895.
Supreme Court of Mississippi.
September 17, 1986.
Rehearing Denied October 29, 1986.
James N. Compton, Carter O. Bise, Bryan, Nelson, Allen, Schroeder & Compton, Biloxi, for appellants.
Frank D. Montague, Jr., Gray, Montague & Pittman, Hattiesburg, for appellees.
Before HAWKINS, P.J., and ROBERTSON and GRIFFIN, JJ.
ROBERTSON, Justice, for the Court:

I.
This defamation action arises from an article published in a Gulf Coast newspaper questioning a former alderman's claim to lands arguably public. The alderman, however, is not the plaintiff. Instead, the grantors of a quitclaim deed delivered to the former alderman claim the newspaper's arrows have hit an unintended target and defamed them along with the alderman.
The Circuit Court held, inter alia, that as a matter of law the grantors had not been libeled and dismissed the complaint. We affirm.

II.
On June 24, 1982, the Ocean Springs Record, a newspaper owned and operated by Mississippi Publishers Corporation, published a front page article headlined

*1216 Former alderman's land

Title search raises questions
The article appears under the byline of news editor Julia Nichols. The fourteen paragraph article raised questions whether Joe B. Garrard, a former city alderman, held valid title to certain marshland property that had been assessed to him by the City of Ocean Springs since 1974.
In discussing Garrard's claim of title to the land, the article refers to a quitclaim deed executed in 1970 by D.B. [sic] Fulton and Jeanette F. Fulton to Garrard. At most, fifteen lines out of the 125 line article (which in its entirety is an appendix to this opinion) have reference to the Fultons:
A 1970 quitclaim deed from D.B. Fulton and Jeanette Fulton includes the marshland property, but no evidence could be found that the Fultons ever owned the property quitclaimed. One obviously cannot convey property one does not own.
* * * * * *
Some questions that remain to be answered are why the Fultons signed a quitclaim deed for land they did not own and why no one was paying taxes on the marshland property between 1970 and 1974. If, as MacWhorter suggests, no taxes were assessed, why not? Why were changes made on the basis of a questionable Abstract? Or if the Abstract is valid, why is it not part of the records?
Follow-up articles appeared on July 8, 1982, and July 22, 1982. Each of those articles again questioned Garrard's claim to the marshland property but neither mentioned the Fultons.
Notwithstanding the incidental references to them in the June 24 article, the Fultons took great offense and on June 1, 1983, filed in the Circuit Court of Jackson County, Mississippi, their complaint charging that the article had defamed them and demanding substantial damages. The defendants, Mississippi Publishers Corporation d/b/a Ocean Springs Record and Wayne W. Weidie, editor, (hereinafter collectively referred to as "the Record") answered, denied the essential allegations of the complaint, and moved in due course for summary judgment. On April 26, 1984, the Circuit Court granted the motion and entered final judgment in favor of the Record and against the Fultons on grounds, among others, that "the article complained of, including the particular portions cited by the plaintiffs, is not defamatory." The Fultons have appealed to this Court where they now urge that the Circuit Court committed error in summarily dismissing their complaint.

III.
A claim of defamation requires that the plaintiff establish:
(1) a false and defamatory statement concerning another;
(2) an unprivileged publication to a third party;
(3) fault amounting at least to negligence on the part of the publisher;
and
(4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.
Restatement (Second), Torts § 558 (1977).
The threshold question is whether the statement made was defamatory, see Ferguson v. Watkins, 448 So.2d 271, 275 (Miss. 1984); Gulf Publishing Co., Inc. v. Lee, 434 So.2d 687, 694 (Miss. 1983), for if the statement was not defamatory, little else matters. In the procedural life of a defamation suit, the court determines whether the statement bears the meaning ascribed to it by the plaintiff and whether this meaning is defamatory. Manasco v. Walley, 216 Miss. 614, 630, 63 So.2d 91, 96 (1953); Brewer v. Memphis Publishing Co., Inc., 626 F.2d 1238, 1245 (5th Cir.1980); Restatement (Second), Torts § 614 (1977). If the court decides against the plaintiff on either of these questions, the case is ended. Restatement (Second), Torts § 614 (1977).
*1217 In determining whether a statement is defamatory, we recognize the common law rule that
Any written or printed language which tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community is actionable per se.
Ferguson v. Watkins, 448 So.2d 271, 275 (Miss. 1984); see also Whitten v. Commercial Dispatch Publishing Company, Inc., 487 So.2d 843, 845 (Miss. 1986); Gulf Publishing Co., Inc. v. Lee, 434 So.2d 687, 695 (Miss. 1983); Natchez Times Publishing Co. v. Dunigan, 221 Miss. 320, 326, 72 So.2d 681, 684 (1954); Conroy v. Breland, 185 Miss. 787, 797, 189 So. 814, 815 (1939). Truth is a defense. Miss. Const. Art. 3, § 13, (1890). Mississippi does not recognize a distinction between libel per se and libel per quod. Brewer v. Memphis Pub. Co., 626 F.2d 1238, 1245-46 (5th Cir.1980).
In Ferguson we refined the common law rule to require that
"the words used must have been clearly directed at the plaintiff [and] the defamation must be clear and unmistakable from the words themselves and not the product of innuendo, speculation or conjecture."
448 So.2d at 275.
The article complained addresses former alderman Garrard's questionable ownership of certain property. The article is directed toward Garrard, not the Fultons. Insofar as it mentions the Fultons, the article is either true or, measured under the above test, is nondefamatory. To be specific, the first sentence reads
A 1970 quitclaim deed from D.B. Fulton and Jeanette Fulton includes the marshland property, but no evidence could be found that the Fultons ever owned the property quitclaimed.
The evidence reflected that the quitclaim deed covered a tract of land, at least nine tenths of which had never been owned by the Fultons at any time. One pie shaped corner of the property appears to be marshland property which likely is a part of the public trust and therefore also without the Fultons' claim of title. See Cinque Bambini Partnership v. State, 491 So.2d 508 (Miss. 1986). This statement is substantially true and hence not actionable.
The next sentence reads, "One obviously cannot convey property one does not own... ." While this sentence displays a no doubt common layman's lack of understanding of a quitclaim deed and the reasons lawyers use it, the statement is neither false nor defamatory.
Finally, the article states some six paragraphs later:
Some questions that remain to be answered are why the Fultons signed a quitclaim deed for land they did not own and why no one was paying taxes on the marshland property between 1970 and 1974.
It is an undisputed fact that the Fultons signed a quitclaim deed in 1970. There is no substantial dispute about the fact that the quitclaim deed conveys the Fultons' interest in property which they did not own. A most vivid imagination is required to find defamation in the assertion of the article that there are unanswered questions why the quitclaim deed was signed.
Giving the Fultons the benefit of the doubt, as we must in this summary judgment context, Dennis v. Searle, 457 So.2d 941, 944 (Miss. 1984), we hold as a matter of law that the article in question was not defamatory of the Fultons. We find no language therein, considered either separately or in the aggregate, which would tend to injure the Fultons' reputation, expose them to public hatred, contempt or ridicule, degrade them in society or lessen them in the public esteem or lower them in the confidence of the community. Claims of defamation must rest upon sterner stuff than the innuendo, speculation and conjecture the Fultons present to us this day. The point may be driven home simply by noting that in our prior cases we have held articles far stronger than this  vis-a-vis the plaintiff  nondefamatory. See, e.g., Ferguson *1218 v. Watkins, 448 So.2d 271, 275-76 (Miss. 1984); Gulf Publishing Company, Inc. v. Lee, 434 So.2d 687, 694-96 (Miss. 1983); Manasco v. Walley, 216 Miss. 614, 630, 63 So.2d 91, 96 (1953).
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
DAN M. LEE, J., concurs in result only.