# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00897-SCT

*BRENDA MOORE FRANKLIN*

*v.*

*ANTHONY ALAN THOMPSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/19/97 |
| TRIAL JUDGE: | HON. R. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MAURIE L. WHITE |
| | DAVID G. HILL |
| ATTORNEY FOR APPELLEE: | JACK F. DUNBAR |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 11/12/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/3/98 |

**BEFORE SULLIVAN, P.J., MILLS AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

## INTRODUCTION

¶1. On October 31, 1996, Judge Brenda Moore Franklin ("Judge Franklin") filed a complaint alleging libel against Frank Hurdle and Anthony Alan Thompson ("Thompson") in the Marshall County Circuit Court. The court granted Thompson's motion for summary judgment on the grounds that Judge Franklin could not prove falsity as to him. We consider the following two issues on appeal.

**I. DOES EVIDENCE THAT DEFENDANT THOMPSON GAVE DEFENDANT HURDLE PHOTOGRAPHS KNOWING, INTENDING, AND ENCOURAGING HIM TO USE THEM IN HIS POLITICAL CAMPAIGN TO FALSELY ACCUSE JUDGE FRANKLIN OF ILLEGAL CONDUCT THAT THOMPSON ADMITS HIS OWN THREE-MONTH SURVEILLANCE FAILED TO PROVE, PRECLUDE SUMMARY JUDGMENT FOR THOMPSON ON JUDGE FRANKLIN'S COMPLAINT FOR DEFAMATION?**

**II. WHETHER JUDGE FRANKLIN IS JUDICIALLY ESTOPPED FROM ASSERTING THAT THOMPSON'S OPINION IS ACTIONABLE LIBEL.**

## STATEMENT OF THE FACTS

¶2. Brenda Moore Franklin ("Judge Franklin") is a Justice Court Judge in Marshall County. Anthony Alan Thompson ("Thompson") is an officer with the Mississippi Highway Patrol. The ill-will between Judge Franklin and Thompson arose when Judge Franklin dismissed a DUI case against a defendant that Thompson had charged with said offense.

¶3. The DUI case was on the justice court docket for December 18, 1994. Counsel for the defendant, Anthony L. Farese ("Farese"), was granted a continuance[1] until 1:00 p.m. the same day because he had a conflicting court appearance in Lafayette County. At some point before 1:00 p.m. that day, Thompson informed Judge Franklin that he was sick and needed to go home, which request was not objected to by the Judge. Thompson went home, took some Pepto Bismol and began to feel better. Later that day, Thompson reported for work at the patrol station in Batesville.

¶4. When Farese returned from Lafayette County to try the DUI case, he was informed that Thompson had gotten too sick to appear in court and had gone home. Unbeknown to Thompson, Farese had seen him traveling towards Batesville in his patrol car. Farese telephoned the Mississippi Highway Patrol Station in Batesville and found that Thompson was indeed feeling better and had reported for work. Farese notified Judge Shaw and Judge Franklin and the three called Thompson at the station to confirm that he was at work.

¶5. When the DUI case was called during the afternoon docket, Farese moved the court to dismiss or to compel Thompson's attendance. Judge Franklin asked the clerk to call Thompson and ask him how long it would take him to arrive at the court. Thompson refused to appear and Farese's motion for dismissal was granted by Judge Franklin.[2]

¶6. On his own time, Thompson began surveillance of Judge Franklin's home. He claims that two individuals contacted him and complained that Judge Franklin had switched the tags on her 1990 Lexus, which had an expired tag, with one from a 1979 Chevrolet Caprice owned by her husband.[3] For several months, Thompson observed and photographed the tags on the two aforementioned cars with the switched plates. During most of Thompson's surveillance, Judge Franklin's Lexus remained on blocks in her front yard because of mechanical problems. However, her husband did drive the car to his place of employment in Colliersville, Tennessee, and Thompson photographed the car while it was there. Thompson admitted that he never saw Judge Franklin driving the car during this time.

¶7. The events that formed the basis of Judge Franklin's complaint occurred when Thompson gave the photographs of the cars bearing the switched license plates to Judge Franklin's opponent in the election for Justice Court Judge, Frank Hurdle ("Hurdle").[4] Thompson gave these pictures to Hurdle with the knowledge that he was going to use them in political advertisements during his campaign against Judge Franklin. During discovery, Hurdle admitted that Thompson told him that he had not actually seen Judge Franklin drive the car but he (Thompson) believed she knew the car was being operated and either she switched the plates herself or knew that they were being switched.

## DISCUSSION OF LAW

¶8. This Court's standard of review for summary judgment is well-settled and was recently restated in *Aetna Casualty & Surety Co. v. Berry*, 669 So.2d 56 (Miss. 1996). In *Berry*, this Court stated:

The standard for reviewing the granting or denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before it--admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant would be given the benefit of the doubt.

*Berry* 669 So.2d at 70 (quoting *Mantachie Natural Gas v. Mississippi Valley Gas Co.*, 594 So.2d 1170, 1172 (Miss. 1992); *see also* *Caldwell v. Alfa Ins. Co.*, 686 So.2d 1092, 1095 (Miss. 1996).

¶9. Moreover, a motion for summary judgment should be denied unless the trial court finds beyond any reasonable doubt that the plaintiff would be unable to prove any facts to support his/her claim. *Yowell v. James Harkins Builder, Inc.*, 645 So.2d 1340, 1343 (Miss. 1994); *McFadden v. State*, 580 So.2d 1210, 1214 (Miss. 1991). The trial court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried. *Yowell*, 645 So.2d at 1343-44; *Brown v. Credit Ctr., Inc.*, 444 So.2d 358, 362 (Miss. 1983).

¶10. When considering a motion for summary judgment, the trial court must view all the evidence (admissions and pleadings, depositions, affidavits, answers to interrogatories, etc.) in the light most favorable to the non-moving party; and, upon this consideration, if the moving party is entitled to judgment as a matter of law, the motion should be granted; otherwise, it should be denied. *Sanford v. Federated Guar. Ins. Co.*, 522 So.2d 214, 217 (Miss. 1988); *Southern Farm Bureau Cas. Ins. Co. v. Brewer*, 507 So.2d 369, 370 (Miss. 1987); *Brown*, 444 So.2d at 363.

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*Brown*, 444 So.2d at 364 (*quoting* M.R.C.P. 56(e)).

¶11. The campaign advertisement published by Hurdle in the Southern Reporter, a Marshall County newspaper, was as follows:

**Swapped Plates**

Judge Franklin has illegally swapped tags from the family's Caprice (right) and her 1991 Lexus (above). A series of photos shows that the tags have been swapped on a regular basis in order to evade taxes.

**Fact:** Judge Franklin drives a 1991 Lexus, one of the most expensive cars made. The Lexus is registered in her name. The tag on the Lexus expired in April, 1995, but Franklin has continued to illegally operate the car with swapped license plates from another car.

Hurdle was responsible for the content and publishing of the ad. Thompson took the pictures of the cars depicted in the ad. For the purposes of our inquiry today, we are concerned only with the actions of Thompson and not those of his co-defendant, Hurdle.

¶12. To establish a claim for defamation, a plaintiff must prove the following elements:

> (1) a false and defamatory statement concerning plaintiff;
>
> (2) unprivileged publication to third party;
>
> (3) fault amounting at least to negligence on part of publisher;
>
> (4) and either actionability of statement irrespective of special harm or existence of special harm caused by publication.

*Moon v. Condere Corp.*, 690 So.2d 1191, 1195 (Miss. 1997); *McCullough v. Cook*, 679 So.2d 627, 630 (Miss. 1996); *Blake v. Gannett Co.* 529 So.2d 595, 602 (Miss. 1988). In addition, because Judge Franklin is a public official, she must also prove that Thompson acted with actual malice. *Moon v. Condere Corp.*, 690 So.2d 1191, 1195 (Miss. 1997). Actual malice is defined as a statement made "with knowledge that it was false or with reckless disregard of whether it was false or not." *Id*. (*citing Blake*, 529 So.2d at 600-01); *see also Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 134 (1967); *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964). The appropriate summary judgment question is whether the evidence in the record could support a reasonable jury finding either that the plaintiff has shown actual malice by clear and convincing evidence or that the plaintiff has not. *Stegall v. WTWV, Inc.*, 609 So.2d 348, 352 (Miss. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

¶13. The threshold question in a defamation suit is whether the published statements are false. *McCullough*, 679 So.2d at 631. (*citing Blake*, 529 So.2d at 602). A defamatory statement is "[a]ny written or printed language which tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community." *Fulton v. Mississippi Publishers Corp.*, 498 So.2d 1215, 1217 (Miss. 1986)(quoting *Ferguson v. Watkins*, 448 So.2d 271, 275 (Miss. 1984)). The statement must have clearly been directed toward the plaintiff, and "the defamation must be clear and unmistakable from the words themselves and not be the product of innuendo, speculation, or conjecture." *Ferguson*, 448 So.2d at 275.

¶14. Applying the facts of the case at bar, it is apparent that they do not pass the test for defamation. The pictures truly and accurately depicted the vehicles, each bearing the license plate of the other one. Truth is complete defense to libel or slander. *Daniels by Glass v. Wal-Mart Stores, Inc.*, 634 So.2d 88, 92 (Miss. 1993). Judge Franklin does not submit that the pictures had been altered or tampered with in any way. And, Thompson did not make an unprivileged publication when he released the pictures to Hurdle.

¶15. Thompson stated that his whole impetus for investigating Judge Franklin arose from the fact that she had dismissed the DUI case in which Thompson was a prosecution witness. However, a person's ill will or personal spite will not, standing alone, support a finding of actual malice. *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 667 n. 7 (1989). In order for Judge Franklin to carry her burden, the evidence must show that Thompson made a false publication with a "high degree of awareness of ... probable falsity," *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964), or must have "entertained serious doubts as to the truth of his publication," *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968).

¶16. Judge Franklin bases her argument on this Court's statements in *McCullough*. In *McCullough*, Cook told a reporter that McCullough owned a truck which was seized in a drug bust. *McCullough*, 679 So.2d at 629. In fact, Cook possessed information which suggested that McCullough was no longer the owner of the truck, even though title records indicated otherwise. *Id*. This Court found that whether Cook acted with malice was a question on which reasonable minds could differ. *Id*. at 633.

¶17. Judge Franklin argues that Thompson knew that the car had been up on blocks and that it had only been driven on a couple of occasions with the switched license plates. Thus, she alleges that Thompson possessed some knowledge that it was Mr. Franklin, and not Judge Franklin, who had switched the tags. Thompson contends that he did not publish the pictures in a manner which constituted a "high degree of awareness of ... probable falsity." *See [Garrison](#), 379 U.S. at 74*.

¶18. Judge Franklin has failed to show by clear and convincing evidence that Thompson acted with actual malice. Thus, summary judgment is appropriate because: 1) Thompson did not make a false statement; and 2) his statement was not made with a reckless disregard for the truth. In fact, it is the opposite. Thompson told Hurdle that he could not prove either that Judge Franklin drove the car, or that she had knowledge of the switched plates.

¶19. Judge Franklin argues that it is not enough for the photo itself to be true, its underlying implication must be true as well and cites *McCullough* as authority for this proposition. Despite the disclaimer by Thompson, Judge Franklin alleges that Thompson told Hurdle that "based on the evidence, he believed that she was either swapping the plates, or knew the plates were being swapped, and that he believed that she was either operating the car, or knew it was being operated." She contends that Thompson's opinion is actionable because it attached "an import to the photos knowing, and even intending, that Hurdle attach the same import ... ." Thompson argues that his opinion is not actionable libel.

¶20. There is no First Amendment based protection for defamatory statements which are categorized as opinion as opposed to fact. *[Milkovich v. Lorain Journal Co.](#), 497 U.S. 1, 18-20 (1990)*. This Court, following *Mikovich*, has held that "`[a] statement, even if phrased as an opinion, will not enjoy constitutional protection if the court concludes that its substance or gist could reasonably be interpreted as declaring or implying an assertion of fact.'" *Roussel v. Robbins*, 688 So.2d 714, 723 (Miss. 1996) (*quoting Keohane v. Wilkerson*, 859 P.2d 291, 297 (Colo. Ct. App. 1994)). "`[T]he relevant inquiry is whether the statement could be reasonably understood as declaring or implying a provable assertion of fact.'" *Roussel*, 688 So.2d at 714 (*quoting Keohane*, 859 P.2d at 296). Thus, if Thompson's opinion satisfies the foregoing criteria, it is actionable.

¶21. Judge Franklin's only evidence tending to support the allegation that Thompson gave an opinion is Hurdle's response to an interrogatory propounded by Judge Franklin. Given the fact that Thompson told Hurdle that he did not see Judge Franklin driving the Lexus and that he did not know if she knew that the plates were switched, it is unreasonable to conclude that Hurdle's interrogatory response, assuming that it is true, could be viewed as implying or declaring that Thompson could prove either that she drove the car with the illegal license plate or that she knew of the switch. As a matter of law, the statement made by Thompson does not rise to the level of an actionable opinion.

### II. WHETHER JUDGE FRANKLIN IS JUDICIALLY ESTOPPED FROM ASSERTING THAT THOMPSON'S OPINION IS ACTIONABLE LIBEL.[5]

¶22. Thompson claims that Judge Franklin has abandoned her original claim that he knew of the manner in which Hurdle intended to use the pictures, and she now, contends that Thompson told Hurdle what import to ascribe to the photographs. According to Thompson, Judge Franklin expressly disavowed this claim during her deposition. Thompson contends that the following exchange constitutes an inconsistent position.

Mr. Dunbar (counsel for Thompson):

Q. Okay. . . . And are you claiming that Mr. Thompson has said to anyone that he saw you switching the tags, or switching the plates? Do you claim that?

A. (Judge Franklin) I can't say that Mr. Thompson told me that he saw me driving the vehicle because I know that he didn't.

****

Q. In you lawsuit ---- the reason that I'm asking these, I get the idea in your lawsuit that you're claiming that Mr. Thompson did something more than just take these pictures photographs. That he represented or said to Mr. Hurdle, or other people, that you had been driving ---- that he had seen you driving this car with improper plates.

A. Uh-huh.

Q. Which is quite another thing from taking a photograph of the car, you see.

A. Uh-huh.

Mr. Hill (counsel for Judge Franklin):

Did we say that, Jack? I don't know if that's in there or not. I don't recall that.

Mr. Dunbar:

I agree it's not specifically said, but I want to be sure exactly in this notice pleading what you are claiming.

Mr. Hill:

I understand it's a notice pleading, but the facts are pretty fairly drawn. It's not an open complaint. We detailed the facts pretty specifically. And what we say about Mr. Thompson is that he took photographs and gave them to Mr. Hurdle, knowing that Mr. Hurdle was going to use them.

Mr. Dunbar:

In paragraph 13 [of the complaint], I guess, is my concern.

Mr. Hill:

That's what I'm looking at.

By Mr. Dunbar:

Q. It suggests that Mr. Thompson claimed somehow, but could not establish, that the Plaintiff either personally switched the tags or drove the car. Now, I just want to be sure that I understand what you're [sic] claim is here . . . You don't claim directly in your lawsuit that he made these sort of statements about you, but I don't want to be surprised later, either, if you are claiming that.

Mr. Dunbar:

David [David Hill], maybe we can have a stipulation on this and be done with it and move on.

Mr. Hill:

I'm not in a position to stipulate, Jack, until I take Mr. Thompson's deposition.

Mr. Dunbar:

That's fair enough.

Mr. Hill:

But we haven't accused Mr. Thompson of that specifically. What we accused him of is giving photographs to Mr. Hurdle, knowing that Mr. Hurdle intended to use them. And I think that ya'll have admitted that.

Consequently, he argues that she should be judicially estopped from taking an inconsistent position on appeal.

¶23. The fundamental concept of judicial estoppel is that a party in a judicial proceeding is barred from denying or contradicting sworn statements made therein. *Banes v. Thompson*, 352 So.2d 812, 815 (Miss. 1977). Judicial estoppel "arises from the taking of a position by a party to a suit that is inconsistent with the position previously asserted in prior litigation." *Ivy v. Harrington*, 644 So.2d 1218, 1222 (Miss. 1994) (quoting *Daughtrey v. Daughtrey* 474 So.2d 598, 602 (Miss. 1985).

¶24. Thompson submits that Judge Franklin is now alleging the exact type of claim which her attorney expressly disavowed under sworn testimony at her deposition. The obvious problem, assuming arguendo that there is an inconsistent position taken, is that Mr. Hill was not under oath when he made those statements. Further, one of the requirements for judicial estoppel appears to be that the inconsistent position arise from statements made in a prior litigation. *Ivy*, 644 So.2d at 1222. The above statements were all made during the same litigation. However, judicial estoppel does not apply because Thompson was unable to obtain the stipulation from Judge Franklin's counsel. Thus, he was on notice that Judge Franklin may not be abandoning her position.

## CONCLUSION

¶25. Judge Franklin has failed to prove the elements of defamation. Thompson simply provided true and accurate photographs of Judge Franklin's and her husband's vehicles bearing illegal license plates. Thompson's opinions concerning his beliefs do not rise to the actionable level as required under *Milkovich* and *Roussel*. The trial court's order granting summary judgment to Thompson is affirmed.

¶26. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. Senior Justice Court Judge John Shaw, who was on the bench, granted the continuance.

2. Thompson, apparently angry over the dismissal, filed a complaint with the Judicial Performance Commission.

3. Judge Franklin has been disciplined by this Court for driving a vehicle on the public highways with an expired tag, albeit, perhaps without her knowledge. Judge Franklin received a $300 fine and a public reprimand for the switched tags. She has also been fined $1,500 and suspended for 30 days without pay for: 1) writing insufficient checks; 2) becoming judicially involved in a dispute between a friend/distant relative and third party; and, 3) failing to file reports of campaign contributions or expenditures. *See Mississippi Comm'n on Judicial Performance v. Franklin*, 704 So.2d 89 (Miss. 1997).

4. Hurdle is a named defendant in the present libel action. However, Judge Franklin's claim against Hurdle is not before this Court on appeal. Hurdle remains a defendant in the lower court proceedings.

5. Judicial estoppel is discussed under a separate heading even though it was not assigned as an individual issue on appeal.