# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-01027-COA

**BERT MARTIN**                                                                           **APPELLANT**

**v.**

**ANNE SMITH AND JEREMIAH JOHNSON**                          **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/21/2024 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DANIEL MYERS WAIDE |
| ATTORNEYS FOR APPELLEES: | CAREY R. VARNADO |
| | WILLIAM STACY KELLUM III |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 12/02/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND WEDDLE, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.     Bert Martin filed suit in the Circuit Court of Pearl River County, Mississippi, against Anne Smith and Jeremiah Johnson for defamation, slander, malicious interference with employment, and intentional infliction of emotional distress (IIED). The trial court granted Smith and Johnson's motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure. On appeal, Martin argues that the trial court erred by dismissing his complaint. Finding no error, we affirm.

## FACTS

¶2.     Martin, a law enforcement officer for the Poplarville Police Department, filed a

complaint on November 21, 2023, against Smith, an alderwoman in Poplarville, Mississippi, and Johnson, allegedly a friend of Smith. In his complaint, Martin alleged that after he served a warrant on Johnson and arrested him in a separate matter, Johnson and Smith conspired to get him fired from the City of Poplarville by making false and defamatory statements against him. Martin claimed that Smith made false and defamatory statements to a media outlet. He then asserted that those statements made by Smith led the media outlet to write a post referring to him as a "Crypto Nazi" and accused him of acting like "The Punisher."

¶3.     In response to a motion to dismiss, Martin attached a series of screenshots from a post in a Facebook group called "Boley Creek Journal." The post stated, "Alderman Anne Gendusa Smith warns John Stringer that he may be arrested on 'false charges' and taken to jail for exposing Officer Bert Martin as 'the punisher' and alleged 'crypto nazi.'"[1] The post also included a screenshot of an alleged conversation between Smith and John Stringer, showing Smith stating "John don't cross this guy. He's the one who arrested Jeremiah. Satire or serious . . . I don't want to see you go to jail for something." The remaining content of Martin's exhibit is a lengthy comment from Smith to the "Boley Creek Journal," presumably in response to the post regarding Martin. Crucially, nowhere in Smith's alleged messages did she ever refer to Martin as a "Crypto Nazi" or "The Punisher."

¶4.     In his complaint, Martin stated that his employment was not terminated by the police

---

[1] John Stringer's affiliation with Smith or the "Boley Creek Journal" is not mentioned in the record.

2

department; rather, he was "pulled from the streets," and his reputation in the community was "greatly diminished and forever harmed." Martin further claimed that in addition to the social media activity, Johnson was "regularly going to local businesses and accusing Martin of acting unlawfully and trying to get Martin fired by making false statements about Martin." He also alleged that Johnson was going to "board meetings, with the blessing and advice of Smith, making false complaints regarding Martin — all in an attempt to interfere with lawful investigations and unlawfully cause harm and damage to Martin."

¶5.     On January 30, 2024, Smith moved to dismiss Martin's complaint under Mississippi Rule of Civil Procedure 12(b)(6), claiming that Martin failed to sufficiently plead his claims of defamation and slander. Johnson joined Smith's motion. More specifically, Smith and Johnson claimed that the complaint failed to allege any specific defamatory language, failed to allege when or to whom the alleged statements were made, and failed to allege any financial harm.

¶6.     An off-the-record hearing was held on March 25, 2024, to address the defendants' motion to dismiss. On August 21, 2024, considering all the pleadings, caselaw cited by the parties, and arguments made by counsel in chambers, the trial court granted the motion to dismiss. The trial court found that Martin's complaint did not set forth the specific defamatory statements or words purportedly made by Smith or Johnson, and the complaint did not provide any substance regarding the allegedly slanderous words attributable to Smith or Johnson.

**STANDARD OF REVIEW**

¶7. "The standard of review for a trial court's grant or denial of a motion to dismiss is de novo." *Dollar General Corp. v. Dobbs*, 409 So. 3d 569, 572 (¶6) (Miss. 2025) (quoting *Trigg v. Farese*, 266 So. 3d 611, 617 (¶9) (Miss. 2018)). "Review is limited to the face of the pleading, and allegations must be accepted as true." *Id*. (quoting *City of Meridian v. $104,960.00 U.S. Currency*, 231 So. 3d 972, 974 (¶8) (Miss. 2017)). The motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim. *Id*. (citing *Rose v. Tullos*, 994 So. 2d 734, 737 (¶11) (Miss. 2008)).

**DISCUSSION**

¶8. On appeal, Martin asserts that he properly pled a claim for defamation because he identified the social media post where Smith allegedly called him a "Crypto Nazi" and "the punisher who makes false allegations against people to get them arrested."[2] In response to a motion to dismiss, Martin attached a screenshot of a social media post. This social media post included a screenshot of a conversation on Facebook between Smith and John Stringer.

¶9. However, the messages between Smith and Stringer do not show Martin being labeled a "Crypto Nazi" or include any reference to "The Punisher." Mississippi law is well established in holding that to bring a claim for defamation, "[t]he words used must have been

---

[2] Although the trial court dismissed Martin's entire complaint, including his claims for malicious interference with employment and IIED, Martin only argues on appeal that the trial court erroneously dismissed his claim for defamation.

clearly directed at the plaintiff[, and] the defamation must be clear and unmistakable from the words themselves and not the product of innuendo, speculation or conjecture." *Chalk v. Bertholf*, 980 So. 2d 290, 296 (¶11) (Miss. Ct. App. 2007) (quoting *Chatham v. Gulf Pub. Co.*, 502 So. 2d 647, 650 (Miss. 1987)). A defamatory statement is "[a]ny written or printed language which tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community." *Franklin v. Thompson*, 722 So. 2d 688, 692 (¶13) (Miss. 1998) (quoting *Fulton v. Miss. Publishers Corp.*, 498 So. 2d 1215, 1217 (Miss. 1986)).

¶10.    The trial court held that it appeared "beyond a reasonable doubt" that Martin would be unable to prove any set of facts in support of his claims. In support of its decision, the trial court correctly relied on *Chalk v. Bertholf*, where this Court affirmed the trial court's Rule 12(b)(6) dismissal of a complaint alleging slander, finding that the complaint "failed to comply with the relaxed, notice-pleading requirements of Mississippi Rule of Civil Procedure 8 in two ways." *Chalk*, 980 So. 2d at 298 (¶18). One of the ways the complaint failed to comply with the notice pleading requirement was that it "failed to set forth the statements, paraphrased or verbatim, that constituted slander." *Id*. Likewise, in the case before us, Martin has failed to point to any of the language used in Smith's messages or Johnson's communications that contained any objectionable terms. Martin instead points this Court to the language of the Facebook post that called him a "Crypto Nazi"—but his complaint did not allege that Smith or Johnson wrote the Facebook post, and indeed, it

5

seemed to be written by someone else. However, Martin did not file suit against the author of the Facebook post. Martin does not point this Court to any statement actually made by Smith or Johnson that constitutes defamation or slander.

¶11.    Martin next alleges that being accused of being a "neo-nazi who made false allegations against people to get them arrested" is the very definition of false and defamatory.[3] It is true that "[t]he tort of defaming a person's character or reputation through the spoken word is actionable under the common law doctrine of slander." *Fagan v. Faulkner*, 396 So. 3d 1160, 1164 (¶14) (Miss. Ct. App. 2023) (citing *McFadden v. United States Fid. and Guar. Co.*, 766 So. 2d 20, 23 (¶12) (Miss. Ct. App. 2000)). To prove slander, Martin must show (1) a false statement that has the capacity to injure his reputation; (2) an unprivileged publication, i.e., communication to a third party; (3) negligence or greater fault on [the] part of publisher; and (4) "either actionability of [the] statement irrespective of special harm or [the] existence of special harm caused by publication." *Pope v. Martin*, 354 So. 3d 362, 375-76 (¶40) (Miss. Ct. App. 2023) (citing *Chatham*, 502 So. 2d at 649). Martin contends that false statements made by Smith led to the defamatory social media post. Martin also claims that Johnson was making false statements at local businesses and board meetings to intentionally cause him harm. However, again, Martin is conflating the relatively mundane messages by Smith, which were attached to the Facebook post, to the language of the post

---

[3] In Martin's complaint, he alleges that he was accused of being a "Crypto Nazi." However, in his brief on appeal, he claims that he was also accused of being a "neo-nazi."

itself. To the extent Martin claims any other statements by Smith or Johnson harmed him or somehow "led" to the Facebook post, he does not allege when they were made, what they were, or how they harmed him, which is not enough to survive the motion to dismiss.

¶12. The record does not reflect any statements made by Smith or Johnson that would constitute a claim for defamation or slander. Additionally, the messages between Smith and Stringer included in the social media post do not contain any slanderous statements clearly directed toward Martin. We take no position on whether the language of the Facebook post itself is defamatory, as that issue is not before us. Accordingly, we affirm the trial court's order dismissing Martin's complaint pursuant to Rule 12(b)(6).

## CONCLUSION

¶13. We affirm the trial court's order granting Smith and Johnson's motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure.

¶14. **AFFIRMED.**

**CARLTON, P.J., WESTBROOKS, LAWRENCE, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR. WILSON, P.J., AND McDONALD, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. BARNES, C.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**